■ In the Matter of LISA A. MAILLE, Respondent, v GARY E. MAILLE, II, Appellant. [678 NYS2d 814] —Crew III, J. Appeal from an order of the Family Court of Warren County (Austin, J.), entered August 19, 1997, which dismissed respondent's application, in a proceeding pursuant to Family Court Act article 4, for a downward modification of his child support obligation.

The parties were married in February 1988 and have two children. Following respondent's departure from the marital residence, which apparently occurred in August 1995, petitioner filed applications seeking custody of the minor children and child support. Thereafter, by separate orders dated October 10, 1995, Family Court awarded the parties joint custody of the children, with primary physical custody to petitioner and liberal visitation to respondent, and directed that respondent pay support in the amount of $330.77 biweekly.

Petitioner thereafter filed a petition and supplemental petition seeking recovery of certain unpaid day care and uncovered medical expenses and, insofar as is relevant to this appeal, respondent cross-petitioned for a downward modification of his child support obligation on February 11, 1997.[1] Additionally, although not entirely clear from the record, it appears that respondent at some point commenced an action for divorce upon

---

1. The petition and supplemental petition filed by petitioner subsequently were withdrawn and are not at issue on appeal.

the ground of cruel and inhuman treatment and that petitioner answered and counterclaimed for similar relief.

Thereafter, on May 12, 1997, the parties entered into a written separation agreement that incorporated, but did not merge, *inter alia*, the October 10, 1995 order governing respondent's child support obligation. The separation agreement further acknowledged the then-pending modification proceeding and provided that "[a]ny order[ ] by the court in connection with [said] petition shall be deemed an amendment to this Agreement with the terms of such Order, to be incorporated, but not merged, in this Agreement". A judgment of divorce, which incorporated but did not merge both the separation agreement and the October 10, 1995 support order, was entered on June 11, 1997. The matter proceeded to a hearing in August 1997, at the conclusion of which Family Court dismissed respondent's application for a downward modification of his child support obligation. This appeal by respondent ensued.

We affirm. Although there appears to be some dispute as to the appropriate standard of review to be applied, this issue need not detain us, as even a cursory review of the record reveals that respondent's proof falls far short of establishing a basis for modification.[2]

The stated basis for respondent's application was two-fold: petitioner's decision to file for bankruptcy which, respondent argued, caused him to assume certain marital debt, and the alleged increase in visitation with his children. As a starting point, regardless of when respondent learned of petitioner's decision to file for bankruptcy or whether he was afforded the opportunity to join in such filing, respondent's testimony makes clear that he did not wish to pursue bankruptcy due to a desire to protect his credit rating. To that end, although the record reflects that respondent indeed assumed a loan in the amount

---

**2.** In this regard, although this modification proceeding was commenced prior to the execution of the parties' separation agreement and the filing of the subsequent judgment of divorce, Family Court treated this proceeding as having been commenced post-judgment and, hence, viewed this as an attempt to modify a provision of the underlying separation agreement. Under such analysis, Family Court reasoned, respondent bore the burden of establishing that "the agreement was not fair and equitable when entered into, or that an unanticipated and unreasonable change in circumstances has occurred resulting in a concomitant increased need, or that the needs of children are not adequately being met" (*Matter of Manners v Manners*, 238 AD2d 815, 816). On appeal, respondent appears to argue that he met this evidentiary burden or, alternatively, demonstrated a substantial change in circumstances sufficient to warrant modification, the standard to be applied when a party seeks to modify a prior order of support (*see, Matter of Slack v Slack*, 215 AD2d 798, 799; *Matter of Urbach v Krouner*, 213 AD2d 833, 835).

of $13,444.18 in January 1996, representing a consolidation of two prior loans secured by the parties during their marriage, respondent's testimony makes clear that he voluntarily assumed this debt so that he "wouldn't end up * * * doing over [his] creditors". Additionally, respondent conceded that he would have been responsible for one half of the monthly payment on the loan ($251) in any event. Hence, the net effect of petitioner's bankruptcy was an increase in respondent's monthly expenses of $125.50. Based upon a review of respondent's testimony and financial disclosure affidavits, we conclude that this increased expense does not provide a sufficient basis for modification. Respondent's remaining contentions, including his assertion that he is entitled to a downward modification of his child support obligation due to the amount of time that the children spend in his custody, have been examined and found to be lacking in merit.

Cardona, P. J., Mikoll, White and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.