■ In the Matter of ROBERT HAGGERTY, III, Respondent, v SONYA HERTER, Appellant. [707 NYS2d 724] —Carpinello, J. Appeal from an order of the Family Court of Broome County (Pines, J.), entered November 18, 1998, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, to modify the terms of custody of the parties' child.

In November 1996, the parties stipulated to joint custody of their daughter, who was born in February 1996, with respondent having physical custody of the child and petitioner having liberal visitation. A custody order was entered based on the

stipulation. In April 1998, petitioner sought to modify the custody order to provide him with physical custody of the child. Following a hearing, Family Court issued an order that transferred the primary residence of the child to that of petitioner and afforded visitation to respondent. Specifically, Family Court found that a significant change in circumstances existed based upon the unhealthy environment created by inadequacies in respondent's residence and incidents of domestic violence involving her boyfriend. The court further found that, in contrast, petitioner had developed a positive nurturing environment within which the child could thrive and that, therefore, change of physical custody to petitioner was in the best interest of the child. On appeal, respondent's assigned counsel seeks to be relieved of her assignment on the ground that no nonfrivolous appealable issues exist. Upon review of the record, the briefs submitted by respondent's counsel and the Law Guardian, and the letter submitted by petitioner's counsel, we agree. Accordingly, counsel for respondent is relieved of her assignment (*see, Matter of Dickens v Dickens*, 263 AD2d 683).

Crew III, J. P., Peters, Graffeo and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs, and application to be relieved of assignment granted.