■ In the Matter of FRANK HOLDEN, Respondent, v TINA TILLOTSON, Appellant. [716 NYS2d 152] —Carpinello, J. Appeal from an order of the Family Court of Madison County (Humphreys, J.), entered June 11, 1999, which, *inter alia*, granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for primary physical custody of the parties' minor child.

At issue on appeal is the propriety of a Family Court order modifying the custody of the parties' only child, now 10 years old. Specifically, following a hearing, Family Court continued the parties' previous stipulation to share joint legal custody but transferred primary physical custody of the child from respondent to petitioner. Respondent appeals. We affirm.

We reject respondent's claim that there was insufficient evidence to support Family Court's determination. A change in an established custody arrangement is permitted upon a showing of "sufficient change in circumstances warranting the transfer to insure the continued best interest of the child" (*Matter of Barnhart v Coles*, 254 AD2d 645, 647-648; *see, Matter of Sellen v Wright*, 229 AD2d 680), taking into account "the relative stability and financial situation of the respective parents; each parent's fitness and ability to provide for and guide the [child's] intellectual and emotional development; and the quality of the home environment" (*Matter of Farnham v Farnham*, 252 AD2d 675, 676; *see, Matter of Dinino v Deima*, 173 AD2d 1017, 1018). Moreover, where, as here, the award sought to be modified stems from a stipulation between the parties, that award "is entitled to less weight than a disposition after a plenary trial" (*Matter of Carl J.B. v Dorothy T.*, 186 AD2d 736, 737).

The record reveals that while respondent had primary physical custody of the child, the child witnessed numerous incidents of severe domestic violence and alcohol abuse by respondent and her live-in boyfriend. Indeed, two such incidents resulted in the arrest and incarceration of the boyfriend. An-

other incident prompted respondent to bring the child to petitioner's home, where the child remained for four months. Notably, respondent visited the child only once during this entire period. At the time of the hearing, respondent's boyfriend was undergoing court-ordered inpatient treatment for alcohol abuse, but intended to resume his residence with respondent and the child upon release. The child, keenly aware of the violence in the household and afraid of the boyfriend, expressed a desire to live principally with petitioner, a position supported by the Law Guardian.

The record further reveals that respondent left the child home alone on one occasion when she was only seven years old and often sent her to school inappropriately dressed and unkempt. Respondent ignored attempts by the child's teacher to address these issues. At the time of the hearing, respondent had also been evicted from one apartment for failing to pay rent and was unemployed. Moreover, despite the fact that the child was diagnosed with breathing problems subsequent to the parties' separation (*compare, Matter of Lizzio v Jackson*, 226 AD2d 760), both respondent and her boyfriend continue to smoke cigarettes.

In contrast, the record reveals that petitioner's life has stabilized since the parties' separation. Petitioner acknowledged that he is an alcoholic but testified that he has been abstinent from alcohol since the summer of 1998, although he is not presently in treatment. He is employed as a delivery person for an office supply company and owns a home. Moreover, he has a supportive extended family with whom the child is close, including petitioner's mother who lives with him most of the year and sisters who live in his neighborhood. Affording deference to Family Court's factual findings and assessments of credibility, we are satisfied that its determination to modify the prior custody arrangement has a sound and substantial basis in the record (*see, Matter of Barnhart v Coles, supra*, at 648; *see also, Matter of Farnham v Farnham, supra*, at 677).

Crew III, J. P., Spain, Graffeo and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.