■ In the Matter of SARAH M. COHEN, Respondent, v MATTHEW T. HARTMANN, Appellant. [726 NYS2d 806] —Crew III, J. Appeal from an order of the Family Court of Schoharie County (Bartlett, III, J.), entered August 31, 1999, which, *inter alia,* denied respondent's application, in a proceeding pursuant to Family Court Act article 4, for a modification of a prior child support order.

By order entered August 30, 1994, which was based upon a prior stipulation of the parties, respondent's support obligation for the parties' minor child (born in 1988) was set at $50 per week until such time as respondent became employed on a full-time basis, at which point his support obligation would increase to $83 per week. It appears that at the time that the stipulation was reached and the underlying order was entered, respondent was out of work and receiving workers' compensation benefits, presumably as the result of a work-related accident or disability. Ultimately, in 1998, respondent and the child, derivatively, began receiving Social Security Disability Insurance (hereinafter SSDI) benefits. Respondent thereafter commenced this proceeding seeking a downward modification of his child support obligation, contending that the child's receipt of $424 per month in SSDI benefits constituted a change in circumstances. At the conclusion of the various hearings that followed, Family Court, *inter alia,* denied respondent's application, prompting this appeal.

We affirm. As the party seeking to modify a prior order of support, respondent bore the burden of demonstrating a sufficient change in circumstances to warrant modification (*see, e.g., Matter of Maille v Maille,* 254 AD2d 597, 598 n 2). This respondent failed to do. The sole "change in circumstances" alleged in the petition is the minor child's receipt of SSDI benefits. In this regard, the case law makes clear that "al-

though a dependent child's Social Security benefits are derived from the disabled parent's past employment, they are designed to supplement existing resources, and are not intended to displace the obligation of the parent to support his or her child[ ]" (*Matter of Graby v Graby*, 87 NY2d 605, 611; *see*, *Matter of Hollister v Whalen*, 244 AD2d 650). Hence, the mere fact that the parties' child is receiving SSDI benefits does not provide a basis for a downward modification of respondent's child support obligation.

Moreover, even reading the petition expansively, neither respondent's disability nor his purportedly dire financial circumstances provides a basis for modification. Respondent was unemployed and receiving benefits at the time that the underlying Family Court order was entered in 1994, and it plainly was within the contemplation of the parties, as evidenced by the agreed-upon two-tiered support obligation, that respondent could continue to experience unemployment. Additionally, as the record is silent as to respondent's financial situation in 1994, there is no basis upon which to conclude that the indebtedness established at the hearing conducted in 1999 constituted a change in circumstances sufficient to warrant a downward modification of respondent's child support obligation. Respondent's remaining arguments have been examined and found to be lacking in merit.

Mercure, J. P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.