■ In the Matter of CHARLES H. BISHOP, JR., Respondent, v VALERIE A. LIVINGSTON, Appellant. [732 NYS2d 915] —Spain, J.

2. Invoices identical to this one—minus the seller information—appear throughout the record.

Appeal from an order of the Family Court of Chenango County (Sullivan, J.), entered April 10, 2000, which granted petitioner's application, in a proceeding pursuant to Family Court article 6, to modify the terms of custody of the parties' child.

In February 1995, Family Court granted the parties joint custody of their then one-year-old child, with physical custody to alternate every two weeks. The parties, however, thereafter adopted their own custody arrangement whereby respondent had primary physical custody of the child and petitioner had liberal visitation, including three weekends per month. In September 1999, petitioner applied to modify the custody arrangement to provide him with sole custody. At the hearing, there was undisputed evidence of a pattern of domestic abuse in respondent's household which included four or five assaults on respondent by her husband who, at the time of the hearing, was incarcerated as a result of the latest assault. Respondent reported each assault to the police but remained with the parties' child in the household and stated her intention to reside with her husband upon his release from prison. She testified that the child was never a witness to the abuse, that her husband was receiving counseling and that she was confident that there would be no further abuse.

Concluding that it was not in the child's best interest to continue primary physical custody with respondent in light of the unhealthy environment created by the domestic violence, Family Court continued joint custody but awarded primary physical custody to petitioner, with liberal visitation to respondent. On this appeal by respondent, her assigned counsel seeks to be relieved of the assignment on the ground that no nonfrivolous appealable issues exist.

Upon our review of the record, the submissions by petitioner's counsel, respondent's counsel and the Law Guardian, we disagree. We find at least one clearly arguable issue upon which to base an appeal. An existing custody arrangement will be modified only upon a showing that there has been a change in circumstances which reflects a definite need for modification to ensure the best interest of the child (*see, Matter of Thompson v Thompson*, 267 AD2d 516, 517). The record reflects that Family Court rendered its decision based upon the best interest of the child without first discussing the threshold question of whether petitioner demonstrated a change in circumstances. Although the same undisputed facts which clearly support a best interest determination here may also support a change in circumstances (*see, e.g., Matter of Haggerty v Herter*, 272 AD2d 790, 791) and, thus, may ultimately render this argument

unsuccessful on appeal, we cannot say that an argument based upon a court's arguable application of an incorrect standard of law is wholly frivolous. Accordingly, the application of respondent's current counsel to be relieved of his assignment is granted and new counsel will be assigned to address any non-frivolous issues which the record may disclose (*see, Matter of Andrew MM.*, 267 AD2d 515, 515-516; *Matter of Donahue v Buisch*, 258 AD2d 826; *see also, People v Stokes*, 95 NY2d 633).

Mercure, J. P., Carpinello, Mugglin and Rose, JJ., concur. Ordered that the decision is withheld, application to be relieved of assignment granted and new counsel to be assigned.