■ In the Matter of CHARLES H. BISHOP JR., Respondent, v VALERIE A. LIVINGSTON, Appellant. [745 NYS2d 588] —Spain, J. Appeal from an order of the Family Court of Chenango County (Sullivan, J.), entered April 11, 2000, which granted petitioner's

application, in a proceeding pursuant to Family Court Act article 6, to modify a prior order of custody.

The parties were awarded joint custody of their son (born January 15, 1994) by Family Court order dated February 14, 1995, with physical custody alternating every two weeks. Instead, by the parties' own arrangement, respondent assumed primary physical custody and petitioner exercised liberal visitation, including three weekends per month. This practice continued until, in September 1999, respondent informed petitioner that she intended to move to South Carolina and the parties agreed that their son would reside with petitioner. Respondent stayed in South Carolina for only a few days before returning to New York and, after approximately two weeks of residing with petitioner, the boy resumed living with respondent.

Petitioner then sought modification of the prior custody order, alleging a change in circumstances because respondent was involved in an abusive marriage. Following a hearing, Family Court awarded primary physical custody to petitioner and liberal visitation to respondent. When rendering its ruling from the bench, the court stated that it was in the child's best interest to have primary physical custody with petitioner, but did not make an express finding of change in circumstances. Family Court's written order did not specify its factual findings.

On respondent's appeal, her assigned counsel sought to be relieved of his assignment on the basis that no nonfrivolous appealable issues exist. This Court disagreed, assigned new counsel to respondent and withheld decision on the merits (288 AD2d 703). We now affirm.

As we held when this case previously was before us, Family Court was obligated to determine that a change in circumstances exists reflecting a definite need for modification to ensure the best interest of the child prior to modifying the existing custody arrangement between the parties (*id.* at 704; *see, Matter of Thompson v Thompson*, 267 AD2d 516, 517). Although Family Court did not expressly state its conclusions in that regard, this Court may make such a finding based on our independent evaluation of the record before us (*see, Matter of Bennett v Davis*, 277 AD2d 517, 518; *Matter of Maille v Maille*, 254 AD2d 597, 598; *see also, Matter of Markey v Bederian*, 274 AD2d 816, 817 n 1).

Here, record evidence establishes that, inter alia, the child repeatedly was exposed to violence in respondent's home. Specifically, it is undisputed that since the original custody order, respondent has suffered from repeated acts of domestic

violence at the hands of her husband resulting in five orders of protection and his incarceration—at the time of the trial—for assaulting respondent. Petitioner's contention that the child was aware of such violence is supported in the record. Further, there is evidence that respondent's husband engaged in other acts of violence in the child's presence, including shooting and killing several of the boy's pets. Testimony at the hearing also revealed that respondent's husband had been ticketed for transporting the child and his half-siblings without appropriate child restraints and without a driver's license while respondent was present in the vehicle. Considered cumulatively, this evidence is more than sufficient to demonstrate a change in circumstances (*see, Matter of Holden v Tillotson*, 277 AD2d 735, 735-736; *Matter of Haggerty v Herter*, 272 AD2d 790, 791). Affording Family Court's findings appropriate deference (*see, Matter of Hrusovsky v Benjamin*, 274 AD2d 674, 676), we conclude that the unhealthy environment created by domestic violence combined with respondent's failure to recognize the potential danger to her son by exposure to such violence—she has expressed her intent to continue residing with her husband after he is released from his present incarceration—amply support Family Court's determination that the change in physical custody is in the best interest of the child (*see, Matter of Shepard v Roll*, 278 AD2d 755, 757; *Matter of Holden v Tillotson, supra* at 735; *Matter of Haggerty v Herter, supra* at 791).

Cardona, P.J., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.