In the Matter of JAY C. REACH, Appellant, v NANCY J. REACH, Respondent. [761 NYS2d 417] —Crew III, J. Appeal from an order of the Family Court of Delaware County (Estes, J.), entered April 19, 2002, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 4, for modification of a prior order of child support.

By order entered August 21, 2000, petitioner was directed to,

inter alia, pay child support for the parties' two minor children in the amount of $350.26 semimonthly. Thereafter, in June 2001, petitioner unsuccessfully sought a downward modification of his child support obligation, contending that his discharge from military service provided a sufficient change in circumstances to warrant modification. A Hearing Examiner disagreed, finding that petitioner voluntarily separated from military service and, hence, voluntarily reduced his income. Petitioner apparently did not file objections to the Hearing Examiner's decision. Instead, in August 2001, petitioner commenced the instant proceeding again seeking to reduce his support obligation and again asserting that a change in employment warranted the requested relief. Although the Hearing Examiner granted petitioner's application, Family Court sustained the objections subsequently filed by respondent, finding that petitioner did not leave military service for good cause and, further, had not demonstrated that his alleged lack of income was unavoidable. This appeal by petitioner ensued.

We affirm. The case law makes clear that a parent seeking a downward modification of his or her support obligation bears the burden of demonstrating a sufficient change in circumstances to warrant such modification (see Matter of Cohen v Hartmann, 285 AD2d 675 [2001]). In this regard, "[a] voluntary decision by a parent to reduce his or her income is not a change of circumstances warranting the reduction of a child support obligation" (Matter of Crosby v Hickey, 289 AD2d 1013, 1014 [2001]; see Matter of Sutphin v Dorey, 233 AD2d 698, 699 [1996]).

Although petitioner argues that he essentially was forced to leave military service in order to avoid a dishonorable discharge due to credit problems, his testimony at the December 2001 modification hearing belies this contention. Indeed, a fair reading of petitioner's testimony reveals that his decision to leave the military was entirely voluntary, as was his assumption of certain marital debt. As petitioner candidly stated: "I got out of the military to be closer to my children. * * * When I came back to New York * * * right before I was getting out of the Army, that was my request. My time was up. I served the time that I was supposed to and I got out. I did not choose to stay in. I did not choose to reenlist for any means whatsoever. That was my choice. * * * When I was on my way out, I had taken all the [marital] bills under my wing. That was my choice. That left [respondent] scott free from any bills or any assets that we had developed together. I did it myself. On my

way out of getting out of the Army, the creditors were knocking at my door." Thus, even accepting that petitioner could have been subject to disciplinary action and/or a dishonorable discharge due to his credit problems, there is nothing in the record before us to suggest that any such action was initiated prior to the time petitioner decided to voluntarily separate from military service.

Nor are we persuaded that petitioner demonstrated that his subsequent loss of income, which was occasioned by relocating from Georgia, where he was earning $12 per hour working construction, to New York, where he earned approximately $7.50 per hour performing similar work, was unavoidable. Petitioner's conclusory and unsubstantiated testimony regarding the purported lack of job opportunities in his field was insufficient to sustain his burden in this regard. Accordingly, based upon our review of the record as a whole, we discern no basis upon which to disturb Family Court's findings.

Cardona, P.J., Peters, Spain and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.