In the Matter of KATHERINE PEABODY, Respondent, v JOHN PEABODY, Appellant. [770 NYS2d 902]—

Mercure, J. Appeal from an order of the Family Court of Washington County (Hemmett, Jr., J.), entered February 15, 2002, which partially granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

The parties are the parents of a 10-year-old boy, Joshua, of whom they have joint custody pursuant to a prior order entered upon a stipulation. While staying at respondent's family farm, Joshua was injured after falling from the back of a chair. Joshua suggested that his uncle, Charles Peabody, may have caused his fall by pushing him. When petitioner discovered bruises on Joshua's back shortly after the incident occurred, she contacted the police. A state trooper went to the farm to arrest Peabody, who allegedly threatened the officer with a rock and pitchfork, causing the officer to draw his gun before Peabody submitted to arrest.

Petitioner thereafter commenced this proceeding, seeking modification of the prior custody order to grant her sole custody of Joshua and to prohibit Peabody from having contact with Joshua. Following a hearing, Family Court found no significant change in circumstances warranting an award of sole legal custody to petitioner. Nevertheless, based upon the incident with the trooper, the court modified the prior custody order with respect to visitation, directing, among other things, that Joshua was not to be left alone in Peabody's presence. Respondent appeals.

Initially, we reject respondent's assertion that Family Court concluded that no change in circumstances existed. While the court found no change in circumstances warranting a change in the parties' arrangement with respect to *custody*, the court did determine that the incident involving Peabody and the state trooper constituted a sufficient change requiring modification of the prior custody order with respect to *visitation*. According Family Court's findings appropriate deference, we agree that this incident—in particular, the threatening situation created in

the home environment by Peabody's behavior—demonstrated that the change in the parties' visitation arrangement was necessary to ensure the continued best interest of Joshua (*see Matter of Bishop v Livingston*, 296 AD2d 602, 603-604 [2002]; *Matter of Haggerty v Herter*, 272 AD2d 790, 791 [2000]; *Matter of Royea v Hutchings*, 260 AD2d 678, 679-680 [1999]; cf. *Matter of Reese v Jones*, 249 AD2d 676, 677 [1998]). We note that nothing in our decision prevents either party from seeking a modification of Family Court's order upon a further change in circumstances evincing that the restrictions on Peabody's contact with Joshua are no longer warranted.

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.