■ In the Matter of KENNETH L. HELD, Respondent, v MADELINE I. GOMEZ, Appellant. [824 NYS2d 741]—In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Westchester County (Cooney, J.), dated March 29, 2005, which, after a hearing, inter alia, granted the husband's petition for sole custody of the parties' minor child and awarded her only supervised bi-weekly visitation, to be continued unless and until recommended otherwise by the child's treating clinician.

Ordered that the order is modified, on the law, by deleting from the fourth decretal paragraph thereof the words "which shall continue unless and until recommended otherwise by the child's treating clinician (i.e., therapist);" as so modified, the order is affirmed, without costs or disbursements.

Contrary to the mother's contention, the evidence adduced at the custody hearing fully supports the Family Court's determination that a substantial change in circumstances had occurred, making modification of the existing custody arrangement necessary for the continued best interests of the subject child (see *Matter of Musgrove v Bloom,* 19 AD3d 819 [2005]; *Matter of Bishop v Livingston,* 296 AD2d 602 [2002]; *Matter of Haggerty v Herter,* 272 AD2d 790 [2000]; *see generally Eschbach v Eschbach,* 56 NY2d 167 [1982]).

We agree, however, with the mother's contention that the fourth decretal paragraph of the order appealed from constitutes an improper delegation of authority by the Family Court to the child's treating clinician to determine future issues involving visitation (see *Matter of Grisanti v Grisanti,* 4 AD3d 471, 474-475 [2004]; *Johnson v Johnson,* 303 AD2d 641, 642

[2003]; *Matter of Henrietta D. v Jack K.*, 272 AD2d 995 [2000]; *Matter of Sullivan County Dept. of Social Servs. v Richard C.*, 260 AD2d 680, 683 [1999]). Therefore, we modify the order to the extent indicated.

The mother's remaining contentions are without merit. Schmidt, J.P., Mastro, Fisher and Dillon, JJ., concur.