◾ In the Matter of JULIE ANN FERRARO, Respondent, v HERBERT LANG, Appellant. [875 NYS2d 600]—

Lahtinen, J. Appeal from an order of the Family Court of Broome County (Pines, J.), entered June 22, 2007, which, among other things, dismissed respondent's application, in a proceed-

ing pursuant to Family Ct Act article 4, for modification of a prior child support order.

Petitioner and respondent are the unmarried parents of a child born in 2005. Family Court set forth respondent's support obligations in August 2006. Subsequently, joint custody was ordered with petitioner being awarded primary custody and respondent, who resides in Louisiana, being granted visitation at a minimum of six times per year to take place either in New York or Louisiana. Respondent was also held responsible for the transportation expenses related to visitation. Petitioner thereafter commenced a violation proceeding alleging that respondent had failed to pay his full support obligation. Respondent opposed and petitioned for modification of the support order. Following a hearing held on both petitions, the Support Magistrate dismissed respondent's modification petition and found him to be in willful violation of the support order. Family Court subsequently affirmed the findings of the Support Magistrate and respondent now appeals, limiting his appeal to the dismissal of his modification petition.

We affirm. As the party seeking to modify the current support order, respondent bears the burden of demonstrating a sufficient change in circumstances warranting modification (*see Matter of Reach v Reach*, 307 AD2d 512, 513 [2003]; *Matter of Cohen v Hartmann*, 285 AD2d 675, 675 [2001]). To that end, respondent contends that the transportation expenses required for visitation included in the custody order constituted such a change in circumstances. While extraordinary expenses related to visitation may serve as a basis for the reduction of a support award (*see* Family Court Act § 413 [1] [f] [9]; *Matter of Susan M. v Louis N.*, 206 AD2d 612, 614-615 [1994]), the record reflects that, subsequent to the support and custody orders being entered, respondent has only paid the expenses for one visitation. During this same time period, however, his income has increased significantly. In our view, respondent has not demonstrated extraordinary expenses related to visitation and, therefore, we discern no basis to disturb Family Court's determination.

Mercure, J.P., Peters, Kane and Malone Jr., JJ., concur. Ordered that the order is affirmed, without costs.