■ In the Matter of ROBERT SS., Appellant, v ASHLEY TT., Respondent. (And Two Other Related Proceedings.) [904 NYS2d 582]—

Stein, J. Appeal from an order of the Family Court of Schuyler

County (Argetsinger, J.), entered July 1, 2009, which, among other things, partially granted petitioner's application, in three proceedings pursuant to Family Ct Act article 6, to modify a prior order of custody.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the unmarried parents of two children born in 2003 and 2004. The mother and father separated in 2005. Pursuant to a stipulation between the parties, in July 2005, Family Court entered an order of joint legal custody with primary physical custody awarded to the mother. Commencing soon thereafter, the parties began having disputes concerning the father's visitation, resulting in at least five modifications to the visitation order since March 2006. The father commenced the first of the instant proceedings in August 2008 alleging that the mother was violating the order then in effect by allowing her husband to be present during the parties' exchanges of the children. The father also filed a petition seeking a modification of custody. The mother then commenced a proceeding alleging that the father was sexually abusing their daughter and seeking to limit the father's visitation with the children. Family Court granted the father's violation petition, dismissed the mother's petition and partially granted the father's modification petition.[1] The father now appeals.[2]

We affirm. An alteration of an established custody arrangement requires a showing of a " 'change in circumstances reflecting a real need for change in order to insure the continued best interest of the child' " (*Matter of Passero v Giordano*, 53 AD3d 802, 803 [2008], quoting *Matter of Van Hoesen v Van Hoesen*, 186 AD2d 903, 903 [1992]; *see Matter of Mabie v O'Dell*, 48 AD3d 988, 989 [2008]). Here, since the prior court order, the mother has married and has a child with her current husband. In addition, her husband has been convicted of certain criminal charges, about which the mother had only limited information at the time of the prior proceedings. The father contends that the mother has engaged in a pattern of behavior that was so egregious in nature that it warrants a modification of the custody arrangement. Specifically, he points to the mother's false allegations that he sexually abused the parties' daughter, the mother's alleged interference with his visitation, her denial

---

1. Despite its finding that the father had failed to demonstrate a change in circumstances warranting a modification of custody, Family Court made some minor changes to the previous order, primarily to give the parties more detailed guidance regarding the father's visitation.

2. As limited by his brief, the father challenges Family Court's determination insofar as it declined to award custody to him.

of his telephone contact with the children and her disparagement of him in the presence of the children. The father also argues that the mother's home is unstable due to the presence of her current husband, who he contends is a danger to the children. In contrast, the father asserts that he has purchased a home in which each child has his or her own bedroom, that he would foster a relationship between the children and their mother and that he has achieved stability in his life.

Each party has accused the other of failing to show up for visitation exchanges. The father testified that he was denied visitation on certain occasions, while the mother and her mother-in-law testified that there were numerous instances when they brought the children to the designated exchange site and the father failed to appear. Family Court credited the mother's testimony over that of the father and indicated its belief that the mother misunderstood the visitation arrangements. Similarly, there was conflicting testimony regarding whether the father was denied his right to telephone contact with the children or whether he simply did not attempt to call them. Although the mother concedes that she has, in the past, disparaged the father in the children's presence, she denies that she has intentionally interfered with the father's visitation. In addition, she acknowledges that her disparagement of the father was wrong and asserts that she is working to rectify her behavior in this regard. Family Court apparently credited this testimony as well.

Family Court's finding that "little has changed for the better in the 3 years [since] the last full hearing before [the] [c]ourt" and that there was not a sufficient change in circumstances to warrant a modification of custody has a sound and substantial basis in the record. Indeed, both the father's attorney and the attorney for the children acknowledged at trial that the circumstances had not changed since the prior order, but argued that a change in custody was in the children's best interests due to the mother's intentional alienation of the father from the children. Notably, Family Court found that the mother was no less fit to have custody of the children than she was at the time of the previous order and also observed that the father's employment provided little flexibility for more time with the children.

Viewing the totality of the circumstances and according deference to Family Court's credibility assessments (see Matter of Passero v Giordano, 53 AD3d at 803; Matter of Mabie v O'Dell, 48 AD3d at 989; Matter of Gravelding v Loper, 42 AD3d 740, 742 [2007]), while we do not condone the mother's conduct, we find ample support in the record for Family Court's determination and discern no basis to disturb it.

Rose, J.P., Lahtinen, Garry and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.