■ In the Matter of BRANDY M. WHITE, Respondent, v MARC CICERONE, Appellant. (And Seven Other Related Proceedings.) [916 NYS2d 269]—

Rose, J. Appeal from an order of the Family Court of Delaware County (Lambert, J.), entered December 24, 2009, which, among other things, granted petitioner's application, in eight proceedings pursuant to Family Ct Act article 6, to modify a prior visitation order.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the unmarried parents of a son (born in 1999), who has always resided with the mother. Pursuant to a February 2009 Family Court order, the mother had sole custody of the child, with the father having visitation every other weekend from Thursday evening until Saturday evening and on alternate weeks from Thursday evening until Friday evening. The father also was granted visitation time for two weeks during summer vacation. Beginning in March 2009, both parties filed various petitions alleging violations of the order and requesting modification, including the father's request for custody and the mother's request to limit the father's visitation. Following fact-finding and *Lincoln* hearings, Family Court continued sole custody with the mother and granted the mother's petition for modification of the visitation order, limiting visitation to every other Saturday from 9:00 A.M. to 5:00 P.M. The father appeals, contending that Family Court improperly modified the prior order of visitation.

We affirm. "A petitioner seeking to modify an existing visitation order must demonstrate 'a change in circumstances that reflects a genuine need for the modification so as to ensure the best interests of the child' " (*Matter of Sumner v Lyman*, 70 AD3d 1223, 1224 [2010], *lv denied* 14 NY3d 709 [2010], quoting *Matter of Taylor v Fry*, 63 AD3d 1217, 1218 [2009]). Contrary to the father's contention, Family Court found that the mother had met her burden of proving a change of circumstances. Although Family Court did not expressly find that the change of circumstances warranted the modification of the visitation order, "this Court may make such a finding based upon our independent evaluation of the record before us" (*Matter of Bishop v Livingston*, 296 AD2d 602, 603 [2002]; *accord Matter of Nicole VV*, 296 AD2d 608, 611 [2002], *lv denied* 98 NY2d 616 [2002]). Here, there is evidence in the record that, since the prior order, the father harassed and threatened the mother, used illegal drugs in front of the child and overmedicated the child by giving him adult cold medicine in a dosage that was higher than that recommended for adults. There is also evidence that the

father brought the child to his parents' house, where the child watched as the father shot rats that were inside the home. Further, there was evidence that there had been a deterioration of the father/son relationship as a result of these incidents. Accordingly, we conclude that there is ample support in the record that a limitation in the father's visitation schedule is in the best interest of the child (*see Matter of Peabody v Peabody*, 3 AD3d 804, 804-805 [2004]).

Mercure, J.P., Spain, Lahtinen and Garry, JJ., concur. Ordered that the order is affirmed, without costs.