■ In the Matter of Joseph A., Respondent, v Jaimy B., Appellant. [917 NYS2d 737]—

Egan Jr., J. Appeal from an order of the Family Court of Montgomery County (Cortese, J.), entered June 2, 2010, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

The parties, who never married, are the parents of a son (born in 2004). Pursuant to an order of custody entered in November 2009, the parties were awarded joint legal custody of their son with primary physical custody to respondent (hereinafter the mother), and petitioner (hereinafter the father) having parenting time each weekend, except for the third weekend of the month, from Friday at 5:00 P.M. until Sunday at 7:00 P.M., and each Wednesday afternoon until 7:00 P.M.* This order also included specific arrangements for summer and holiday parenting time. As is relevant to this case, the order provided that for the Christmas holiday, the father was granted parenting time with the child from 3:00 P.M. on December 23 until 3:00 P.M. on Christmas Eve, and the mother was granted parenting time with the child from 3:00 P.M. on Christmas Eve until 3:00 P.M. on Christmas Day during even-numbered years, and the reverse would occur during odd-numbered years.

Less than one month after the November 2009 order was entered, a physical altercation occurred between the parties on Christmas Day, as a result of which the father filed a police report and obtained an order of protection. He also commenced this modification proceeding seeking physical custody of the child. The mother then petitioned for a writ of habeas corpus based on allegations that the father violated the November 2009 order by failing to abide by the holiday schedule and by failing to return the child to her on Sunday evening, December 27,

---

* Prior to the November 2009 order, numerous petitions were filed by the parties commencing in August 2006 that resulted in several custody orders.

2009. On December 28, 2009, Family Court ordered that the father return the child to the mother. In January 2010, the mother cross-petitioned for a temporary modification of custody, requesting that "the child exchange not take place at the police station" based on the father's insistence that the custody exchange take place under police supervision. Family Court conducted a hearing in May 2010, at which the mother testified that, on Christmas Day, when she attempted to retrieve the child at 3:00 P.M., the father and the child were not home. After driving to the homes of the father's relatives, she eventually returned to his grandmother's house, where the father arrived with the child shortly thereafter. The father testified that, as he attempted to pick up the child out of the car, the mother ran up the driveway, began to scream at him, jumped on his back and grabbed the child's arm. The father further testified that he handed the child to his cousin and called the police, and the child wet his pants as a result of the incident. The mother testified, however, that she attempted to greet the child, whereupon the father grabbed the child and pulled him; as a result, the mother's finger got caught in his grip.

After the hearing, Family Court found that the father had violated the November 2009 custody order, but that the violation was not willful or intentional. Family Court also determined that the father should have sole legal and physical custody of the child commencing June 25, 2010, with the mother having parenting time on alternate weekends and each Wednesday afternoon, and holiday parenting time to follow the November 2009 order. The mother now appeals.

Initially, we agree with the mother that Family Court abused its discretion in awarding the father sole legal custody of the child, relief he did not request. Where, as here, "neither the petition nor the father's testimony provided the mother with notice that he sought to modify the existing order of joint legal custody" (*Matter of Terry I. v Barbara H.*, 69 AD3d 1146, 1149 [2010]), it was improper for Family Court to make such a modification (*see Matter of Adams v Bracci*, 61 AD3d 1065, 1067 [2009], *lv denied* 12 NY3d 712 [2009]; *cf. Matter of Williams v Taylor*, 234 AD2d 809, 810 [1996]).

We also agree with the mother's contention that Family Court failed to make a finding that a change in circumstances had occurred since entry of the November 2009 order and, thus, Family Court erred in modifying that order. "An alteration of an established custody arrangement requires a showing of a change in circumstances reflecting a real need for change in order to insure the continued best interest of the child" (*Matter of Rob-*

*ert SS. v Ashley TT.*, 75 AD3d 780, 781 [2010] [internal quotation marks and citations omitted]; *see Matter of Paul T. v Ann-Marie T.*, 75 AD3d 788, 789-790 [2010], *lv denied* 15 NY3d 713 [2010]; *Matter of Henderson v MacCarrick*, 74 AD3d 1437, 1439 [2010]). " '[I]t is only when this threshold showing has been made that Family Court may proceed to undertake a best interest analysis' " (*Matter of Kerwin v Kerwin*, 39 AD3d 950, 951 [2007], quoting *Matter of Meyer v Lerche*, 24 AD3d 976, 977 [2005]; *accord Matter of Smith v White*, 53 AD3d 814, 815 [2008]). Here, after correctly identifying the standard to justify a change in custody, Family Court proceeded to conduct an analysis of whether the parties were capable of sharing joint legal custody of the child—an analysis that neither party had asked the court to perform. While Family Court found that the parties were incapable of coming to joint resolutions with respect to the child because of their acrimony, this was not itself a change; the father testified that, except for the last few months, the parties had been incapable of communicating for five years and Family Court noted that it was familiar with their acrimony for quite some time. Family Court made no threshold determination of whether a change in circumstances existed, and its decision is devoid of any findings of fact essential to a determination of a change in circumstances (*see* CPLR 4213 [b]; *Matter of Jose L.I.*, 46 NY2d 1024, 1026 [1979]; *compare Matter of Samuel v Samuel*, 64 AD3d 920, 921 [2009]; *Matter of Thaxton v Morro*, 222 AD2d 955, 956 [1995]; *Matter of Hall v Keats*, 184 AD2d 825, 825-826 [1992]). Notwithstanding the failure of Family Court to make the threshold determination of a change in circumstances, it is not necessary to remit this matter to Family Court because our independent review of the record reveals insufficient evidence to support such a change (*see Matter of Jose L.I.*, 46 NY2d at 1026; *Matter of Scott v Scott*, 215 AD2d 893, 894 [1995], *lv denied* 86 NY2d 707 [1995]; *compare Matter of Miller v Miller*, 220 AD2d 133, 136 [1996]; *Giordano v Giordano*, 93 AD2d 310, 312 [1983]). Accordingly, Family Court erred in modifying the custody order and the father's petition should have been dismissed. In light of this determination, we need not address the remaining arguments of the mother or the attorney for the child.

Peters, J.P., Kavanagh, Stein and Garry, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted petitioner's application and awarded him sole legal and physical custody of the child; petition dismissed; and, as so modified, affirmed.