In the Matter of ARLENE TRACEY OWENS, Appellant, v MICHAEL EMMETT THOMAS O'BRIEN, Respondent. [936 NYS2d 742]—

Stein, J.

---

In order to warrant modification of the existing order of custody, the mother was required to demonstrate "a change in circumstances reflecting a real need for change in order to insure the continued best interest of the child" (*Matter of Joseph A. v Jaimy B.*, 81 AD3d 1219, 1220 [2011] [internal quotation marks and citations omitted]). Not until a change in circumstances has been established is Family Court permitted to proceed to a best interest analysis (*see id.* at 1221). The mother's sole contention on appeal is that Family Court erred in finding that the father's drug use, alone, was not a sufficient change in circumstances to warrant modification of the prior custody order. We disagree.

The father's probation officer, Benjamin Wheaton, testified that the father—who is subject to random drug testing by the Probation Department and family counseling services—last tested positive for drugs in March 2010, prior to the June 2010 order. Wheaton further testified that the father is in compliance with the terms and conditions of his probation, participates in various drug abuse outpatient treatment programs and voluntarily completed a short-term rehabilitation program in July 2010. Wheaton believed that the father was no longer using drugs. In addition, Wheaton, a former child protective investigator, testified that he had no concerns about the father's parenting abilities.

According great deference to Family Court's credibility determinations (*see Matter of Lewis v Tomeo*, 81 AD3d 1193, 1195 [2011]; *Matter of Robert SS. v Ashley TT.*, 75 AD3d 780, 782 [2010]), we find a sound and substantial basis in the record to support Family Court's determination that the mother failed to demonstrate a change in circumstances since entry of the

prior order. The mother had raised concerns about the father's drug use prior to the entry of the existing custody order, to which the mother consented. In addition, we find no fault with Family Court's finding that the father was no longer abusing drugs. Accordingly, Family Court properly dismissed the mother's petition. Although by no means determinative, we note that this conclusion is consistent with the position advanced by the attorney for the child (*see Matter of Siler v Wright*, 64 AD3d 926, 929 [2009]).

Spain, J.P., Malone Jr., McCarthy and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.