Peters, E J.
Appeal from an order of the Family Court of Madison County (McDermott, J.), entered March 9, 2012, which, among other things, dismissed petitioner’s application, in a proceeding pursuant to Family Ct Act article 6, for modification of a prior order of custody.
The parties are the parents of a son born in 2004 and a daughter born in 2008. Pursuant to a prior order of Family Court, the *1028 parties shared joint custody of the children, with respondent (hereinafter the mother) having primary physical custody. Within days of the entry of the prior order, petitioner (hereinafter the father) commenced the first of the subject petitions alleging that the mother was in violation of the custody order. Over the next several months, the father filed five more violation petitions and a petition seeking modification of the prior custody order. Following a hearing, Family Court found that there had not been a change in circumstances warranting modification of physical custody, but that the acrimonious relationship of the parties rendered joint legal custody inappropriate and awarded sole legal custody to the mother. Family Court also found that certain adjustments to the visitation schedule were necessary. The father now appeals.
According Family Court’s factual findings appropriate deference, we find no error in its determination that the father failed to establish a change in circumstances sufficient to warrant a change in physical custody (see Matter of Pecore v Pecore, 34 AD3d 1100, 1101 [2006]; Matter of Peabody v Peabody, 3 AD3d 804, 804 [2004]). However, based upon this record, it is evident that the parties are unable to effectively communicate and cooperate with one another. Therefore, upon consideration of all of the circumstances, we conclude that Family Court properly amended the prior order to award sole legal custody to the mother (see Matter of Sofranko v Stefan, 80 AD3d 814, 816 [2011]; Matter of Pecore v Pecore, 34 AD3d at 1101; cf. Ehrenreich v Lynk, 74 AD3d 1387, 1388 [2010]). Finally, we find that the adjustments made to the visitation schedule are supported by the record (see Matter of White v Cicerone, 80 AD3d 1102, 1103-1104 [2011], lv denied 16 NY3d 711 [2011]; Ehrenreich v Lynk, 74 AD3d at 1390). In this regard, we note that, based upon the parties’ testimony, clarification as to where the children are to spend Christmas was necessary and the father’s Wednesday evening visitation was adjusted only to reflect the extent to which he actually exercises such visitation.
Rose, Lahtinen and Garry, JJ., concur. Ordered that the order is affirmed, without costs.