Garry, J.
Cross appeals from an order of the Family Court of Sullivan County (McGuire, J.), entered January 7, 2013, which, among other things, (1) partially granted petitioner’s application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody, (2) dismissed respondent’s ap *1102 plication, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody, and (3) dismissed petitioner’s application, in a proceeding pursuant to Family Ct Act article 10, to hold respondent in violation of a prior order.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of a child born in 2009. In May 2012, following a hearing and noting the “acrimonious, embattled and embittered” relationship of the parents, Family Court awarded sole custody to the mother, and established weekly parenting time for the father, together with specified annual vacation and holiday time. The determination was appealed and affirmed. In September 2012, the mother commenced the first of the instant proceedings by filing a violation petition together with a petition for modification of the visitation provisions of the prior order.* In October 2012, the father commenced a proceeding seeking various modifications relative to visitation. Following a four-day hearing, Family Court dismissed the mother’s violation petition and, finding insufficient evidence of a change in circumstances to support modification, dismissed both modification petitions, except to direct that the father’s paramour not have contact with the child. The father appeals, and the mother cross-appeals.
It is well established that, upon a request for modification of a prior order, a threshold finding of a change in circumstances is required before the court may proceed to a best interests analysis (see Matter of Owens v O’Brien, 91 AD3d 1049, 1050 [2012]; Matter of Fox v Grivas, 81 AD3d 1014, 1015 [2011]; Matter of Robert SS. v Ashley TT., 75 AD3d 780, 781 [2010]). Unfortunately, the record clearly supports Family Court’s finding that the parents did not progress in their ability to communicate or cooperate in raising their child in the several months between the two hearings, and that both parents fail to recognize that their own antagonistic attitudes and related conduct pose a danger to their young child. Nonetheless, as Family Court held, “while the parties’ collective behavior is troubling, it is no different than that testified about in prior trials.” The record upon review supports a finding that the parties have not made positive progress, but their respective conduct and the allegations against each other remain essentially the same as those underlying the prior determination. Thus, according appropriate deference to Family Court’s credibility determinations, we find that the denial of both modification *1103 petitions is supported by a sound and substantial basis (see Matter of Owens v O’Brien, 91 AD3d at 1050).
Family Court’s prior order of May 2012 included a provision directing that “the father shall be home on the weeks during the vacation period he has the child and that he care for the child and that she not be left alone with [the paramour].” To the extent that Family Court sought to clarify this limitation in its later order, it was not necessary that a change in circumstances be established (see Matter of Green v Green, 109 AD3d 1027, 1028 [2013]; Matter of Robert SS. v Ashley TT., 75 AD3d at 781 n 1). However, we agree with the father’s contention that in directing “no contact” between the child and the paramour, Family Court went beyond a mere clarification; as the record reveals no change in circumstances, this modification was improper.
In the course of the hearing, Family Court granted the father’s application for a directed verdict dismissing the mother’s violation petition on the ground that the original phrasing of the limitation on the paramour’s supervision of the child was ambiguous as to whether the limitation was imposed only for vacation periods; the court did not find this interpretation “wholly unreasonable” despite finding it “narrow” and, thus, declined to impose any sanction for failure to comply. Contrary to the mother’s assertion, we find that Family Court properly dismissed the violation petition on this basis (see Matter of Gonzalez v Hunter, 50 AD3d 1262, 1264 [2008]). However, given our determination that the court’s limitation on all contact with the paramour was improper, the matter must be remitted for clarification relative to the restriction of the paramour’s role.
Lahtinen, J.E, Stein and McCarthy, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as directed respondent’s paramour to have no contact with the child; matter remitted to the Family Court of Sullivan County for further proceedings not inconsistent with this Court’s decision, and, as so modified, affirmed.

 Family Court dismissed the mother’s third petition, alleging a family offense upon grounds similar to those asserted in the violation petition; this is not at issue on appeal.