■ MICHAEL J. CASTLER, Appellant, v PAMMY LEE CASTLER, Respondent. [650 NYS2d 351] —Spain, J. Appeal from an order of the Family Court of Montgomery County (Going, J.), entered May 23, 1995, which, *inter alia*, granted respondent's cross petition, in a proceeding pursuant to Family Court Act article 6, for custody of the parties' child.

The parties originally met when petitioner, a native of the City of Amsterdam, Montgomery County, was employed in respondent's hometown of the City of Plattsburgh, Clinton County. Respondent thereafter moved to the Amsterdam area and the parties were married on February 10, 1990; the parties' son Ian was born in 1990. Following the birth of the child, respondent returned to her part-time employment for a short period before losing her job. At this point the parties decided that respondent would not seek further employment outside the home but, rather, stay at home with the child. During all relevant periods herein petitioner was employed on a full-time basis with Niagara Mohawk Power Company. In May 1993 respondent reentered the workforce and worked 25 to 30 hours per week at a nursing home.

In June 1994 petitioner, in response to respondent's stated intention to move to Plattsburgh with the child, obtained an order to show cause which prohibited respondent from removing the child from Montgomery County; petitioner also filed a petition seeking custody of the child. Respondent thereafter cross-petitioned for custody of the child. During settlement negotiations petitioner agreed to allow respondent and the child to move to Plattsburgh for what he believed was a temporary period. Respondent subsequently informed petitioner of her intention to permanently relocate to Plattsburgh with the child. Upon petitioner's request the petitions for custody were restored to the Family Court calendar and, after a fact-finding hearing wherein the parties and their landlord from Amsterdam testified, Family Court granted respondent's cross petition for custody and ordered visitation for petitioner. Petitioner appeals.

We remit. Family Court, in formulating its decision, stated that "[b]oth parents are capable of providing a good home for the child"; however, the court based its ultimate determination on petitioner's failure to overcome the threshold issue that the

move would impair his visitation rights. Family Court held that petitioner's failure thereby alleviated any duty on respondent's behalf to set forth exceptional circumstances as a basis for the move. Significantly, while the present appeal was pending the Court of Appeals enunciated the principle that relocation cases must be determined on "what outcome is most likely to serve the best interests of the child" (*Matter of Tropea v Tropea*, 87 NY2d 727, 739). In making its determination in the instant matter on the threshold issue, Family Court foreclosed any further development of an analysis pertaining to the best interests of the child (*see, supra; Matter of Sandman v Sandman*, 228 AD2d 809) and, in our view, the record is insufficient for a full review and analysis by this Court (*cf., Matter of Clark v Williams*, 229 AD2d 686; *Matter of Harder v Yandoh*, 228 AD2d 814). Rather than focusing on the distance of the move the court must weigh relevant factors including, but not limited to, the possible devastation of the relationship between the noncustodial parent and the child due to the loss of frequent visits, justification, if any, for the relocation, and other harm and benefits, if any, to the child resulting from the relocation (*see, Matter of Tropea v Tropea, supra,* at 738-740).

Mercure, J. P., Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Montgomery County for further proceedings not inconsistent with this Court's decision.