In the Matter of Lewis A. Groover, Respondent, v Sherry L. Potter, Appellant. (And Another Related Proceeding.) [792 NYS2d 693]—

Kane, J. Appeal from an order of the Family Court of Broome County (Connerton, J.), entered July 15, 2002, which, inter alia, granted petitioner's application, in two proceedings pursuant to Family Ct Act article 6, to modify a prior order of custody.

The parties have continuously litigated over custody of their son. Most recently, petitioner (hereinafter the father) filed a petition to modify a prior order of joint custody which granted primary physical placement to respondent (hereinafter the mother). The mother then filed a petition seeking permission to relocate to Florida with the child. Family Court denied the mother's application and granted the father custody, prompting the mother's appeal. Because this decision has a sound and substantial basis in the record, we affirm.

A party seeking relocation bears the burden of establishing

that the move is in the child's best interests (*see Matter of Herman v Villafane*, 9 AD3d 525, 526 [2004]). In considering possible relocation, courts consider numerous factors, including each parent's reason for moving or opposing the move, the relationship between the child and each parent, the impact of the move on the quality and quantity of future contact between the child and the noncustodial parent, and the potential enhancement of the child's and custodial parent's lives due to the move (*see Matter of Tropea v Tropea*, 87 NY2d 727, 740-741 [1996]; *Matter of Rutz v Carinci*, 6 AD3d 992, 994 [2004]).

The mother wanted to move to get away from the father. She was following her abusive husband, from whom she had separated four times during their one-year marriage. She had no employment prospects and her husband took a lower-paying job, although he testified that he would begin working at a higher-paying, under-the-table job in the near future. The mother's proposed living arrangements in Florida were in her mother's two-bedroom home, where five adults and five children would stay.

The father had a full-time job and lived with his girlfriend and her two sons in a four-bedroom home. The girlfriend was employed as a childcare provider and contributed to the household financially. Childcare would be provided by the child's paternal grandmother, who had been providing him child care for years. School arrangements, including a special education plan, were arranged in the father's school district, while educational opportunities in Florida were unknown. The parties' financial positions would limit contact between the child and the noncustodial parent.

Based on all the circumstances, the mother failed to establish that moving to Florida was in the child's best interests. The evidence also supported Family Court's determination that the mother's relocation constituted a substantial change in circumstances and that a change of custody was appropriate and in the child's best interests. Thus, the court's decision has a sound and substantial basis in the record (*see Matter of Herman v Villafane, supra; Matter of Rutz v Carinci, supra*).

Mercure, J.P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.