■ In the Matter of JONATHAN M. MUSGROVE, Respondent, v RENEE S. BLOOM, Appellant. (And Another Related Proceeding.) [797 NYS2d 161]—

Mugglin, J. Appeal from an order of the Family Court of Madison County (DiStefano, J.), entered March 19, 2004, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

The parties to this proceeding are the parents of a child born in 2000. Respondent filed a custody petition in February 2001 in Oneida County, which resulted, upon consent, in an order of joint custody, with the child's primary physical residence with respondent and visitation awarded to petitioner. In October 2003, petitioner filed two petitions, one claiming a violation of an order of visitation and the second seeking modification of

custody by transferring the primary residence of the child to him and continuation of the joint custodial arrangement. Following an extensive evidentiary hearing, Family Court awarded petitioner sole custody and gave respondent visitation. In March 2004, respondent filed a notice of appeal and her subsequent application to this Court for a stay pending appeal was denied. Respondent now challenges Family Court's determination as lacking a sound basis in the record and as against the weight of the evidence. Further, respondent challenges this Court's refusal to stay the transfer of custody pending appeal.

We affirm. Before an existing custody order may be modified, petitioner's evidence must establish that there has been a substantial change in circumstances making modification necessary for the continued best interests of the child (*see Matter of Shepard v Roll*, 278 AD2d 755, 756 [2000]; *Matter of Crawson v Crawson*, 263 AD2d 656, 657 [1999]). We find that this record not only amply demonstrates a sufficient change of circumstances, but that Family Court, in applying the well-known factors relevant to the child's best interests, appropriately awarded sole custody to petitioner (*see Matter of Cornell v Cornell*, 8 AD3d 718, 719 [2004]; *Matter of Shepard v Roll, supra* at 756; *Matter of Irwin v Neyland*, 213 AD2d 773, 774 [1995]). Although respondent disputed most of the testimony provided by petitioner and the neutral witnesses, the record amply supports Family Court's credibility determinations (*see Matter of Hamm-Jones v Jones*, 14 AD3d 956, 957 [2005]; *see also Matter of Meyer v Rudinger*, 285 AD2d 714, 715 [2001]; *Thompson v Thompson*, 267 AD2d 516, 518 [1999]).

Among other factors, this record demonstrates that since the entry of the consent custody order, respondent has engaged in acts of domestic violence with her live-in boyfriend in the child's presence, has, despite recognizing the child's intellectual and emotional needs, at times failed to deliver the child to the child care center or delivered the child late so that her deficiencies could not be properly addressed, has engaged in continuous attempts to alienate the child from petitioner, and has systematically denied petitioner visitation. Respondent has also filed multiple frivolous petitions in Family Court, made numerous unfounded complaints that petitioner has abused the child and, at least twice, attempted to bribe the child to substantiate respondent's claims of physical abuse by petitioner by urging the child to testify falsely against him. While petitioner has a conviction for driving while intoxicated and aggravated unlicensed operation of a motor vehicle, his testimony established that he no longer consumes alcohol, he has a stable and

safe home in a house which he owns, he is gainfully employed, has a supportive extended family in the area and has supported the child both emotionally and financially. Moreover, he has demonstrated a willingness to promote visitation between the child and respondent. Finally, on this record, no justification exists to revisit the denial of the stay pending appeal sought by respondent.

Crew III, J.P., Peters, Spain and Rose, JJ., concur. Ordered that the order is affirmed, without costs.