■ In the Matter of DAMON BRADY, Respondent, v KASSIA SCHERMERHORN, Appellant. (And Another Related Proceeding.) [810 NYS2d 230]—

Kane, J. Appeal from an order of the Family Court of Columbia County (Czajka, J.), entered April 28, 2004, which granted petitioner's application, in two proceedings pursuant to Family Ct Act article 6, to modify a prior order of custody.

A 2002 custody order awarded the parties joint legal custody of their son, with primary physical custody to respondent and visitation to petitioner. When petitioner filed a petition seeking primary physical custody, Family Court granted him temporary relief. Respondent then cross-petitioned for a return of primary

physical custody to her. Following a hearing, the court continued joint legal custody, granted petitioner primary physical custody and provided respondent visitation from Sunday afternoon until Wednesday morning each week. Respondent appeals.

Family Court did not err in granting petitioner's application for physical custody. To justify modification of the prior custody order, petitioner was required to show "a substantial change in circumstances making modification necessary for the continued best interests of the child" (*Matter of Musgrove v Bloom*, 19 AD3d 819, 820 [2005]). According great deference to the hearing court's credibility assessments and factual determinations based on that court's advantage of observing the witnesses firsthand, its decision will not be disturbed if it has a sound and substantial basis in the record (*see Matter of Calmeek MM.*, 18 AD3d 1053, 1054 [2005]; *Matter of Bruce BB. v Debra CC.*, 307 AD2d 408, 409 [2003]; *Hanna v Hanna*, 267 AD2d 903, 904 [1999], *lv dismissed* 94 NY2d 943 [2000]). Such a basis exists here.

At the first appearance on this matter, respondent tested positive for marihuana. She then entered drug treatment, but her discharge report indicated a guarded prognosis and a moderate to high relapse potential. This prognosis was partially substantiated by her continued interaction with individuals with whom she formerly used marihuana. She also displayed significant deficits in judgment when she employed a babysitter with whom she used marihuana and when she permitted her former boyfriend, a convicted sex offender on parole, to move in with her and the child and provide unsupervised care for the child. Further displaying her lack of judgment concerning her ability to protect and properly care for the child is her failure to recognize that these individuals were improper choices for caregivers until so informed during these proceedings. Although petitioner previously abused alcohol and engaged in domestic violence with his girlfriend, he has been employed for two years, successfully completed alcohol treatment and anger management, and remained sober for two years. In this case, petitioner established a substantial change in circumstances and the record contains a sound and substantial basis for awarding him physical custody of the child, with visitation to respondent on days when she is not working and will be available to care for the child herself (*see Matter of Musgrove v Bloom, supra*).

Mercure, J.P., Peters, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, without costs.