■ In the Matter of JOHN T. CHASE, Appellant, v KRISTIN F. CHASE, Respondent. [825 NYS2d 310]—

Mugglin, J. Appeal from an order of the Family Court of Columbia County (Hummel, J.), entered May 18, 2006, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

Following an 11-day hearing, Family Court, by order entered September 15, 2005, awarded respondent sole legal and physical custody of the parties' minor child, Dylan (born in 2000), and established a visitation schedule for petitioner. Family Court did

so with "great hesitation," noting respondent's "marked weakness[es] as a parent," including her insistence that petitioner sexually abused the child—despite the lack of sufficient credible evidence to sustain that allegation—and her noted lack of effort to encourage any sort of a relationship between the child and petitioner. Shortly thereafter, respondent failed to produce the child for a scheduled visitation with petitioner in Nassau County, prompting Family Court to order the parties to appear on September 28, 2005 to address this issue. At that time, it came to light that respondent recently had informed the child's school psychologist that petitioner had sexually abused the child; the school psychologist, in turn, filed a report with the Nassau County Department of Social Services. Respondent conceded that she did not advise the school psychologist of the prior proceedings in Family Court or that the allegations of abuse had been thoroughly explored and laid to rest in the course thereof. Family Court then directed that neither party discuss the prior allegations of sexual abuse with anyone without the express permission of the court.

Notwithstanding that specific directive, respondent proceeded on September 30, 2005 to file a family offense petition in Nassau County Family Court seeking an order of protection and alleging that petitioner had sexually abused his son. Respondent again failed to mention the prior custody hearing and the findings made by Family Court with regard to such allegations. As a result of respondent's actions, petitioner was arrested and taken into custody.

Petitioner thereafter moved by order to show cause for sole legal and physical custody of his child. Family Court made the motion returnable on October 13, 2005, at which time the parties were directed to appear before the court for a conference. Respondent specifically was advised to appear with the child on this date. Respondent did not appear as directed, electing instead to abscond with the child, whose whereabouts remained unknown for the next 15 days. Petitioner, who by now had obtained temporary custody of the child, then commenced this proceeding seeking sole legal and physical custody of his son.

A lengthy hearing ensued, at the conclusion of which Family Court found that petitioner had established a substantial change in circumstances—namely, respondent's persistent and active interference with petitioner's visitation rights, respondent's absolute failure to comply with the court's prior directives and her continuing refusal to accept the court's finding that there was insufficient credible evidence to establish that petitioner sexually abused his son. Family Court further noted respon-

dent's lack of maturity and poor judgment, as evidenced by her attempts to engage in forum shopping and actively misrepresent the status of the then pending Family Court proceedings in Columbia County, as well as what the court characterized as respondent's "dangerous obsession" with the notion that her child had been sexually abused, the latter of which, Family Court concluded, ultimately would cause emotional and perhaps physical harm to the child. Despite these detailed findings, Family Court nonetheless concluded that respondent should retain sole legal and physical custody of the parties' child, reasoning that petitioner's relationship with his son could be ensured and enhanced by providing him with more visitation and again prohibiting respondent from discussing the allegations of sexual abuse without providing copies of the court's September 15, 2005 and May 18, 2006 orders. Petitioner's subsequent application for a stay of Family Court's May 18, 2006 order pending appeal was granted by this Court.

We conclude, based upon our review of the record as a whole, that Family Court's decision to award respondent sole legal and physical custody of the parties' minor child lacks a sound and substantial basis and, as such, cannot stand. Accordingly, for the reasons that follow, we reverse Family Court's order, grant petitioner's application for sole legal and physical custody of the parties' minor child and remit this matter to Family Court to fashion an appropriate visitation schedule for respondent.*

Preliminarily, we agree that petitioner demonstrated a sufficient change in circumstances to warrant modification of Family Court's prior award of custody in order to ensure the continued best interests of the child (*see Matter of Musgrove v Bloom*, 19 AD3d 819, 820 [2005]) and, further, that the record in large measure substantiates the factual findings made by Family Court. Our quarrel instead lies with Family Court's conclusion that, notwithstanding her demonstrated flaws as a parent, respondent nonetheless was best suited to serve as the child's custodial parent.

In this regard, a review of the record reveals that respondent repeatedly interfered with petitioner's visitation rights, conceding, in what Family Court characterized as a "rare moment of candor," that she had no intention of permitting petitioner to have unsupervised visitation with the child. As this Court previ-

---

* Neither party continues to reside in Columbia County, and Family Court has directed that all further proceedings related to custody or visitation be filed in the county of the child's primary residence. We nonetheless deem it appropriate to remit this matter to the Family Court of Columbia County in the first instance.

ously has held, "a custodial parent's persistent interference with the noncustodial parent's visitation rights may well render the offending parent unfit" (*Matter of Parkhurst v McFall*, 1 AD3d 78, 81 [2003]; *see Matter of Glenn v Glenn*, 262 AD2d 885, 887 [1999], *lv dismissed and denied* 94 NY2d 782 [1999]).

Consistent with respondent's efforts to undermine any sort of positive relationship between petitioner and his son is her ongoing quest to brand petitioner a pedophile—despite Family Court's repeated findings that there simply is not sufficient credible evidence to sustain such allegations. Notwithstanding Family Court's best efforts to curtail respondent's activities in this regard, she has continued to assert the same allegations time and again without any regard for or reference to the prior court proceedings, conceding that she has told any number of individuals that her child now resides with a pedophile and acknowledging her attempts to lodge criminal charges against petitioner. In our view, repeatedly making unsubstantiated allegations of abuse without any apparent regard for the effect that such conduct has upon either her child or her child's relationship with his father again raises a strong inference that respondent is unfit to serve as the child's custodial parent (*see Matter of Musgrove v Bloom, supra* at 820-821).

Perhaps most disturbing, however, is respondent's readily apparent belief that she alone is the sole arbiter of what course of action is in her child's best interest and her single-minded pursuit of what she deems appropriate—regardless of whether her actions are in violation of a lawful court order or otherwise harmful to her child. Respondent has demonstrated an absolute and unqualified unwillingness to abide by Family Court's prior orders and directives, candidly testifying that she did not believe Family Court's decision to award temporary custody to petitioner to be in the child's best interest and that she would continue to do what she deemed "rightful[ ]" in order to protect her son. Thus, although petitioner indeed has his share of parental shortcomings, we cannot justify awarding sole legal and physical custody to a parent who cannot be trusted to put her child's interests ahead of her own and/or comply with whatever directives Family Court may impose. Simply put, respondent's repeated interference with petitioner's parental rights, coupled with her crusade to brand petitioner a pedophile and her well-documented refusal to abide by Family Court's prior orders, warrants granting petitioner's application and awarding sole legal and physical custody of the parties' minor child to him.

Cardona, P.J., Rose and Lahtinen, JJ., concur. Ordered that

the order is reversed, on the law, without costs, petition for sole legal and physical custody of the parties' minor child granted and matter remitted to the Family Court of Columbia County for further proceedings not inconsistent with this Court's decision, and pending such further proceedings, Family Court's temporary award of sole legal and physical custody to petitioner shall remain in effect.