■ In the Matter of DAVID E. GRAVELDING, Respondent, v CHRISTEL A. LOPER, Appellant. [840 NYS2d 187]—

Lahtinen, J. Appeal from an order of the Family Court of Otsego County (Burns, J.), entered March 2, 2007, which partially granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

The parties are the divorced parents of two children (a daughter born in 1994 and a son born in 1998). Under the terms of their separation agreement, which was incorporated but not merged into the 2003 judgment of divorce, respondent (hereinafter the mother) received physical custody of the children and was permitted to relocate to Virginia. Visitation with petitioner (hereinafter the father) included one weekend a month, half the children's Christmas and summer vacations, and alternating Thanksgiving and spring vacations. In December 2004, the mother married a member of the United States Army, who was transferred from Virginia to Alaska in December 2005, and the mother and the children accompanied him without first petitioning for permission for the children to move. In May 2006, the father, after not having visitation with the children since they moved to Alaska,[1] brought a violation petition and, while that matter was pending, commenced this proceeding seeking primary physical custody of the children. In November 2006, Family Court found the mother in violation of the visitation order and awarded the father compensatory visitation of the children's entire 2007 winter break and entire 2007 summer vacation, with the mother bearing all transportation expenses. In March 2007, following a hearing on the modification petition, Family Court concluded that it was in the children's best interests for the father to have primary physical custody of the daughter and the mother to have primary physical custody of the son. The mother now appeals.[2]

Initially, we note that there is no dispute that the mother's move from Virginia to Alaska constituted a substantial change in circumstances (see Matter of Groover v Potter, 17 AD3d 718, 719 [2005]; see also Matter of Gutiy v Gutiy, 40 AD3d 1155, 1156 [2007]) and, accordingly, resolution of the petition to modify the existing custody order turned on whether such a modification was in the best interests of the children (see Matter of Brady v Schermerhorn, 25 AD3d 1037, 1038 [2006]; Matter of Meyer v Lerche, 24 AD3d 976, 976-977 [2005]; Matter of

---

1. The mother asserted that the father was offered visitation during early 2006, but he declined since he had planned a trip to Mexico.

2. This Court granted a stay pending appeal.

*Musgrove v Bloom*, 19 AD3d 819, 820 [2005]). Factors considered in the best interest analysis include, among others, "maintaining stability in the child's life, the wishes of the child, the quality of the home environment, each parent's past performance, relative fitness and ability to guide and provide for the child's intellectual and emotional development, and the effect the award of custody to one parent would have on the child's relationship with the other" (*Matter of Fletcher v Young*, 281 AD2d 765, 767 [2001]; *accord Matter of Cornell v Cornell*, 8 AD3d 718, 719 [2004]; *see Matter of Pecore v Pecore*, 34 AD3d 1100, 1101 [2006]). "[W]hile our authority in custody matters is as broad as that of Family Court, we do give deference to its factual findings since it has the opportunity to observe the witnesses' demeanor and assess credibility" and, thus, "[w]e will not disturb those findings unless they lack a sound and substantial basis in the record" (*Matter of De Losh v De Losh*, 235 AD2d 851, 853 [1997], *lv denied* 89 NY2d 813 [1997]; *see Matter of McDevitt v Stimpson*, 1 AD3d 811, 812 [2003], *lv denied* 1 NY3d 509 [2004]).

At the hearing, the father appeared in person, the mother testified via telephone and the children were neither present nor interviewed in camera by Family Court. Family Court made several significant factual determinations which are not supported by the record. For example, the court stated that the mother's relocation to Alaska occurred without the father being provided any prior notice. The mother testified that she gave notice almost a year in advance of the upcoming move that was being dictated by the military, and the father acknowledged knowing at least as early as the month prior to the move. While the mother clearly should have petitioned for permission to relocate, nevertheless this was not a case of a parent secretly moving with children to another part of the country (*cf. Matter of Meier v Key-Meier*, 36 AD3d 1001, 1002 [2007]). Family Court further found that the mother and her current husband "chose" to move to Alaska; whereas the proof in the record establishes that the choice was made by the Army, and the mother's husband is seeking to be transferred back to the eastern part of the United States (*see generally Matter of Church v Church-Corbett*, 214 AD2d 877 [1995]).

The most significant conclusion that is not supported by this record is Family Court's determination that the 13-year-old daughter "clearly expressed her desire to live with [the father]." No *Lincoln* hearing was conducted and the child's Law Guardian advised the court that the child was "very confused." At one point (apparently within two months of hearing), the child had

stated to the Law Guardian she wanted the judge to decide without her indicating a preference. She also told the Law Guardian that "[s]he doesn't necessarily want to be away from her mother and [siblings]." Yet, immediately before the hearing she reportedly told the Law Guardian that "she would like to try to live with [the father] for a while." On appeal, the child's Law Guardian advocates that she should remain with the mother. A child's preference is but one of the many factors weighed in the best interests analysis (see Matter of Cornell v Cornell, supra at 719; Grandin v Grandin, 8 AD3d 710, 712 [2004]). In light of the confused and changing nature of the child's preference, expressed through her Law Guardian, little weight should have been attributed thereto under the circumstances of this case.

Even with these unsupported factual conclusions removed from consideration, however, the issue remains a difficult one. The mother showed less than acceptable efforts in encouraging the children's relationship with the father. The parties' daughter has had some differences with her stepfather's strict approach to discipline and she misses her extended family, which reside near the father. The mother has, however, been the primary caregiver for the child, she encouraged her daughter's participation in school activities, sought counseling for her when necessary, and provided an adequate home. Moreover, it appears from the record that keeping these siblings together is in the best interests of the children at the current time (see Matter of Robert GG. v Kathleen HH., 273 AD2d 713, 714 [2000]). The father had an apparent substance abuse problem and even lost his nursing license in Connecticut in 2006 as a result of confiscating pain medicine prescribed for his elderly patients for his personal use. He admitted to being depressed and suicidal. The father had violated the support order regarding the children. In the months prior to the hearing, the father started to turn his life around and there is potential for a stable future. Yet, upon exercising our broad powers to review the record (see Matter of Banks v Banks, 285 AD2d 686, 688 [2001]), we conclude that the physical custody of the parties' daughter should not have been changed under the prevailing circumstances.

Family Court's November 2006 order will control regarding visitation for the summer of 2007, and we remit the matter to Family Court to establish visitation to take effect after the summer of 2007 (see id.). We note that fashioning appropriate visitation for the daughter may also affect the prior visitation schedule established for the son.

Mercure, J.P., Peters, Spain and Rose, JJ., concur. Ordered that the order is modified, on the law and the facts, without costs, by reversing so much thereof as partially granted petitioner's application and as fashioned a new visitation schedule as to both children; petition dismissed to that extent and matter remitted to the Family Court of Otsego County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.