In the Matter of ROBERT C. LEWIS, Appellant, v ASHLEY VANWORMER, Respondent. (And Five Other Related Proceedings.) [846 NYS2d 715]—

Crew III, J. Appeal from an order of the Family Court of Schuyler County (Argetsinger, J.), entered June 30, 2006, which, among other things, dismissed petitioner's application, in six proceedings pursuant to Family Ct Act articles 6 and 8, to modify a prior order of custody and visitation.

Petitioner and respondent are the biological parents of two children born in 2003 and 2004. The parties, who never married, began their relationship when petitioner was 15 years old and respondent was 22 years old. Following the birth of their first child, the parties continued to reside together until petitioner was jailed upon his plea of guilty to a drug-related class E felony. The parties resided together again following petitioner's release from jail, during which time their second child was conceived and born. Respondent moved out of the parties' residence and began dating another man in June 2005, who would prove to be the source of much of the current animosity between petitioner and respondent.

Thereafter, in July 2005, Family Court entered an order, ap-

parently upon consent, awarding the parties joint legal custody of the minor children with physical custody to respondent and visitation to petitioner. Approximately one month later, petitioner commenced the instant modification proceeding contending, among other things, that respondent was chronically late for his visitations with their children and, as a result, his court-ordered visitation was being curtailed impermissibly. Respondent cross-petitioned for sole custody asserting that petitioner was verbally abusive to and had threatened her. Various violation petitions also were filed against each party.

Following a two-day hearing, Family Court, after detailing the parties' less than exemplary past and documenting their respective (and numerous) shortcomings, concluded that it would be in the children's best interests to continue joint legal custody with primary physical custody to respondent and liberal visitation to petitioner. In so doing, Family Court strongly cautioned respondent that further inappropriate behavior or interference by her boyfriend would be looked upon "extremely unfavorably"—the unspoken implication being that continued immaturity on his part would have implications for her vis-à-vis custody. This appeal by petitioner ensued.

We affirm. Assuming, without deciding, that petitioner met his initial burden of demonstrating a sufficient change in circumstances to warrant modification of the prior order (*see Matter of Brady v Schermerhorn*, 25 AD3d 1037, 1038 [2006]), we cannot say, based upon our review of the record as a whole, that Family Court erred in continuing primary physical custody with respondent. While respondent's chronic tardiness, stated preference that petitioner have no contact with the children and apparent desire to have her boyfriend assume the role of "daddy" is in no way condoned by this Court, her conduct does not rise to the level of persistent interference with petitioner's visitation rights and, hence, is insufficient to render her unfit to retain custody (*compare Matter of Chase v Chase*, 34 AD3d 1077, 1079-1080 [2006]). With regard to the parties' respective abilities as parents, suffice to say that while either of them is capable of caring for the children, each of them has demonstrated a marked lack of maturity and an utter absence of sound decision-making skill—and respondent's boyfriend, by her own admission, has only added fuel to this particular fire. Simply put, Family Court was confronted with the unenviable task of having to award custody to one of two less than perfect parents, and given that the court's decision in this regard was based largely upon its assessment of the credibility of the respective parties which, in turn, was gleaned from their numerous appearances before the

court, we are not inclined to disturb Family Court's resolution of this matter.

Cardona, P.J., Mercure, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, without costs.