In the Matter of DANIEL E. MABIE, Petitioner, v AIMEE E. O'DELL, Respondent. ROBERT L. ESTES, as Law Guardian, Appellant. [851 NYS2d 733]—

Kane, J. Appeal from an order of the Family Court of Otsego County (Burns, J.), entered November 13, 2006, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

The parties are the parents of two children, a daughter born in 1991 and a son born in 1994. Since their 1995 stipulation, later incorporated into their judgment of divorce, the parties exercised joint custody, with primary physical residence with respondent and parenting time with petitioner every other weekend. According to an agreement of the parents, petitioner also has parenting time each Wednesday evening. In May 2006, petitioner commenced this proceeding seeking shared physical

custody, with the children alternating weeks between the parents' homes. Following a hearing, Family Court dismissed the petition. The Law Guardian appeals on the daughter's behalf.* We affirm.

"An existing custody arrangement will not be altered absent a showing of changed circumstances demonstrating a real need for a change to ensure the child's best interest" (*Matter of Oddy v Oddy*, 296 AD2d 616, 617 [2002] [citations omitted]; *see Matter of Parkhurst v McFall*, 1 AD3d 78, 80 [2003]; *Matter of Kelly v Sanseverino*, 278 AD2d 535, 536 [2000]). Family Court's determination is entitled to great deference, and will be upheld unless it lacks a sound and substantial basis in the record (*see Matter of Gravelding v Loper*, 42 AD3d 740, 742 [2007]; *Matter of Meola v Meola*, 301 AD2d 1020, 1021 [2003]). Here, the custody arrangement had been in place for more than 10 years without incident. The court found that both parents cared for the children and provided adequate homes. While the relationship between respondent and the daughter was somewhat strained, the strain was apparently based upon the conflict between the then 15-year-old daughter's desire for more freedom, respondent's strict rules and petitioner's less restrictive household. The daughter's expressed preference to live with petitioner, even at the age of 15, was considered but is not dispositive (*see Matter of Meola v Meola*, 301 AD2d at 1022). Considering that respondent had always been the primary caregiver, encouraged the children's educational and extracurricular pursuits and provided a home with appropriate boundaries, and giving deference to the court's finding that she was more credible than petitioner, the record fully supports the court's refusal to disturb the long-standing custody arrangement (*see id.*; *see also Matter of Gravelding v Loper*, 42 AD3d at 743).

Cardona, P.J., Mercure, Spain and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.

---

* On appeal, the parties only address custody of the daughter. Custody of the son is apparently no longer at issue.