■ In the Matter of EDWARD J. BROWN, Appellant, v MELISSA J. BROWN, Respondent. (And Another Related Proceeding.) [859 NYS2d 764]—

Kavanagh, J. Appeal from an order of the Family Court of Broome County (Charnetsky, J.), entered August 8, 2007, which, among other things, granted respondent's application, in two proceedings pursuant to Family Ct Act article 6, for modification of a prior order of custody.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) shared joint custody of their two daughters (born in 1998 and 2003) pursuant to a January 2005 custody order. The children resided with the mother and their two half siblings in the City of Binghamton, Broome County, and visited with their father on alternate weekends and on various weekdays. Upon learning of the mother's intention to relocate with the children to Illinois, the father filed a Family Ct Act article 6 petition seeking primary physical custody of the children because he opposed their relocation. The next day, the mother filed a modification petition seeking to amend the prior custody order to permit her to relocate with the children. After hearing both petitions, Family Court dismissed the father's petition finding that there had been no change of circumstances that would justify a modification of the existing custodial arrangement, granted the mother's petition permitting her to move to Illinois with the children and issued a schedule providing the father visitation with the children after they had moved to Illinois. The father now appeals.

Family Court initially concluded that the father had failed to show a substantial change of circumstances and, based solely on that finding, dismissed his petition to modify custody. Family Court did not, in rendering its decision, determine whether the mother had demonstrated by a preponderance of the evidence that the proposed relocation was, in fact, in the children's best interests (*see Matter of Tropea v Tropea*, 87 NY2d 727, 742 [1996]; *Matter of Gutiy v Gutiy*, 40 AD3d 1155, 1156 [2007]; *Matter of Winn v Cutting*, 39 AD3d 1000, 1001 [2007]; *Matter of Armstrong v Crout*, 33 AD3d 1079, 1079-1080 [2006]). Instead, Family Court appears to have concluded that because the father's petition seeking to modify custody had been dismissed, physical custody must remain with the mother, and found, as a result, "[o]bviously, the mother may relocate to the State of Illinois." The court did not explain how this relocation was in the children's best interests, but appears to have assumed that since the mother has custody, she has the right to relocate.

In fact, there are substantial issues which need to be resolved before one could reasonably conclude that moving the children

to Illinois is in their best interests. For example, the mother testified that she obtained employment in Illinois which would substantially increase her annual earnings and would also allow her to spend more time with the children. However, while this position might well result in the mother having more time with her children, it would, because of its geographical location, dramatically reduce the children's contact with their father. We note that Family Court did not speak to the children about the proposed move (*see Matter of Cornell v Cornell*, 8 AD3d 718, 719 [2004]; *Grandin v Grandin*, 8 AD3d 710, 712 [2004]; *see also Matter of Gravelding v Loper*, 42 AD3d 740, 743 [2007]), and the Law Guardian has, on appeal, advanced the position that the move was not in their best interests because of its impact on their relationship with their father. We are also troubled by the mother's acknowledgment of her concentration of her search for employment in Illinois to be closer to her extended family and it does not appear that she made a significant effort to find suitable employment in or around the Binghamton area.

Moreover, we recognize the fact that the father raised concerns about the mother's eldest children, who reside in the same residence as the children that are the subject of these proceedings, and whether they would have an impact upon the subject children if they are relocated to Illinois. One of the mother's children has received professional counseling because of statements allegedly made about suicide. On one occasion, the mother's two eldest children were involved in a fight during which one threw a knife at the other; this occurred while the mother was at work and the mother's eldest children were charged with supervising the parties' two children. The father's concerns stem from the fact that the mother's eldest children would be charged, to some degree, with supervision of the parties' daughters during the mother's work day. In our view, Family Court did not adequately address the concerns raised by the father in this regard and it should have considered whether their continued exposure to the mother's eldest children was, in fact, in their best interests.

Family Court's failure to address in detail how the proposed relocation of these children is in their best interests, coupled with deficiencies that exist in the record before that court, do not allow this Court to perform its own independent review of this matter (*see Castler v Castler*, 233 AD2d 720, 721 [1996]; *compare Matter of Gravelding v Loper*, 42 AD3d at 743). As a result, we must remit this matter to Family Court for further proceedings on this fundamental issue (*see Matter of Glaser v McFadden*, 287 AD2d 902 [2001]). While these proceedings are

pending, primary physical custody of the children will remain with the mother, and the visitation schedule as set forth in Family Court's August 2007 order will continue.

Mercure, J.P., Peters, Carpinello and Rose, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted respondent's application; matter remitted to the Family Court of Broome County for further proceedings not inconsistent with this Court's decision, and, pending said proceedings, primary physical custody of the children shall continue with respondent, and petitioner shall continue exercising visitation pursuant to the August 2007 order; and, as so modified, affirmed.