In the Matter of KAYCE L. SMITH, Appellant, v KEVIN J. WHITE, Respondent. [861 NYS2d 829]—

Mercure, J. Appeal from an order of the Family Court of Broome County (Charnetsky, J.), entered July 25, 2007, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for modification of a prior order of custody.

In April 2007, petitioner commenced this proceeding for modification of a prior order that awarded the parties joint

custody of their child (born in 2001), with primary physical custody awarded to respondent and visitation to petitioner on alternate weekends, as well as at other times by agreement of the parties. Petitioner asserted that the separation of respondent from his wife, who allegedly served as the primary caregiver to the child, constituted a change in circumstances and sought to have the child primarily reside with her. Following a fact-finding hearing, Family Court dismissed the petition on the ground that petitioner failed to prove a substantial change in circumstances, prompting this appeal.

We affirm. It is well established that " '[a]n existing custody arrangement will not be altered absent a showing of changed circumstances demonstrating a real need for a change to ensure the child's best interest' " (*Matter of Mabie v O'Dell*, 48 AD3d 988, 989 [2008], quoting *Matter of Oddy v Oddy*, 296 AD2d 616, 617 [2002]; *accord Matter of Crocker v Crocker*, 307 AD2d 402, 402 [2003], *lv denied* 100 NY2d 515 [2003]). Demonstration of a substantial change in circumstances is a threshold matter and, thus, " '[i]t is only when this . . . showing has been made that Family Court may proceed to undertake a best interest analysis' " (*Matter of Kerwin v Kerwin*, 39 AD3d 950, 951 [2007], quoting *Matter of Meyer v Lerche*, 24 AD3d 976, 977 [2005]).

Here, the record reflects that petitioner previously consented to an award of custody to respondent due to a lack of stability in her life, in particular her repeated job and residence changes. Although she asserted that she is more stable now, she changed jobs and relocated again after filing the petition. Notably, petitioner does not challenge respondent's fitness as a parent and concedes that the parties had no trouble working out visitation schedules. Although petitioner asserted that respondent's former wife had been the child's primary caregiver, the former wife testified that respondent served as the primary caregiver to the child and the child's stepsiblings when she returned to school full time. Indeed, while petitioner asserted that the basis for the petition was essentially that respondent has less free time than she does, she admitted that respondent's work schedule now permits him more time off than it did at the time that the prior order was entered. Under these circumstances, a sound and substantial basis exists for Family Court's determination that petitioner failed to demonstrate a substantial change in circumstances and, thus, the petition was properly dismissed (*see Matter of Mabie v O'Dell*, 48 AD3d at 989; *Matter of Kerwin v Kerwin*, 39 AD3d at 951; *Matter of Mathis v Parkhurst*, 23 AD3d 923, 924 [2005]; *cf. Matter of Adams v Franklin*, 9 AD3d 544, 546 [2004]).

Cardona, P.J., Lahtinen, Kane and Kavanagh, JJ., concur. Ordered that the order is affirmed, without costs.