■ In the Matter of KYLE CHAMBERS, Appellant, v AMANDA RENAUD, Respondent. [899 NYS2d 470]—

Garry, J. Appeal from an order of the Family Court of Schenectady County (Taub, J.), entered June 30, 2009, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of visitation.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of a child born in 2005. The father is incarcerated and expects to be released in 2011. In October 2008, after filing a petition for modification of custody and visitation, the father consented to an order granting the mother sole custody of the child, requiring her to provide the father with pictures and updates of the child's status every 60 days, and permitting him one telephone call with the child each month. In May 2009, the father commenced this proceeding to modify visitation, seeking monthly visits with the child and an order precluding the mother from relocating with the child to Arizona. Simultaneously, the father commenced a violation proceeding alleging that the mother had traveled out of state with the child without his permission. Family Court dismissed the violation petition at the initial appearance.* The court subsequently dismissed the modification petition without a hearing, finding that the father had failed to show a change of circumstances. The father appeals.

A party seeking to modify an existing visitation order must aver a change of circumstances demonstrating a need for modification to ensure the child's best interests (see Matter of Perry v Perry, 52 AD3d 906, 906 [2008], lv denied 11 NY3d 707 [2008]). The father alleged that circumstances had changed in

---

* No appeal was taken from the dismissal of the violation petition.

two respects: he was now able to provide transportation for visits with the child at the prison, and the mother intended to relocate with the child to Arizona. Family Court did not consider the transportation issue, finding that the father had not previously requested physical visits with the child and that the child's relocation to Arizona would not interfere with the existing mail and telephone communication. Therefore, in the court's view, the father did not establish a change of circumstances.

We are unable to sustain this conclusion on the sparse record presented. A previous order had directed monthly visits at the prison, undermining the finding that the father had not previously requested or obtained in-person visits. The record contains little information about this order, preventing us from discerning whether visits had occurred or why they were discontinued. In his May 2009 petition, the father claimed that he had consented to mail and telephone communication because he was unable to provide transportation for in-person visits. If transportation obstacles were the primary reason that in-person visits at the prison were unsuccessful in the past, their removal may constitute changed circumstances justifying modification (*see Matter of Flood v Flood*, 63 AD3d 1197, 1198 [2009]; *see also Matter of Conklin v Hernandez*, 41 AD3d 908, 911 [2007]; *Matter of Ellett v Ellett*, 265 AD2d 747, 748 [1999]). During the proceedings, the mother's counsel further confirmed that the mother planned to relocate to Arizona with the child and other members of her family. As Family Court noted, such a move would not prevent the father from continuing to have mail and telephone communication with the child (*see Matter of Cooke v Miller*, 300 AD2d 959, 960 [2002]); however, in addition to obviating any chance of reestablishing in-person visits during the remainder of the father's incarceration, this move would almost certainly divest New York of jurisdiction by the time of his anticipated release in 2011 (*see* 28 USC § 1738A; Domestic Relations Law § 76-a), effectively depriving him of the ability to establish a relationship with the child.

Visitation with a noncustodial parent is presumed to be in a child's best interests even when the parent is incarcerated (*see Matter of Flood v Flood*, 63 AD3d at 1198; *Matter of Tanner v Tanner*, 35 AD3d 1102, 1103 [2006]). While such visitation need not take place in person (*see e.g. Matter of Cole v Comfort*, 63 AD3d 1234, 1235 [2009], *lv denied* 13 NY3d 706 [2009]), on the record presented, the father made a sufficient showing of changed circumstances to warrant a hearing.

Further, summary dismissal was inappropriate insofar as the petition sought to prevent the relocation. The mother bore the

burden to establish by a preponderance of the evidence that the move was in the best interests of the child (*see Matter of Solomon v Long*, 68 AD3d 1467, 1469 [2009]; *Matter of Groover v Potter*, 17 AD3d 718, 718-719 [2005]). The fact that she had sole custody of the child did not excuse this burden. Whether a move is in a child's best interests requires consideration of several well-established factors (*see Matter of Tropea v Tropea*, 87 NY2d 727, 740-741 [1996]; *Matter of Kryvanis v Kruty*, 288 AD2d 771, 772 [2001]; *Matter of Burr v Emmett*, 249 AD2d 614, 614-615 [1998]). The absence of any record evidence on these factors prevents us from conducting an independent review and requires remittal for an evidentiary hearing to determine whether the relocation is in the child's best interests (*see Matter of Brown v Brown*, 52 AD3d 903, 905-906 [2008]; *Castler v Castler*, 233 AD2d 720, 721 [1996]).

Peters, J.P., Lahtinen, Malone Jr. and Stein, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Schenectady County for further proceedings not inconsistent with this Court's decision.