■ In the Matter of MICHELLE HENDERSON, Appellant, v PAUL MACCARRICK, Respondent. (And Another Related Proceeding.) [903 NYS2d 190]—

---

Stein, J. Appeal from an order of the Family Court of Tompkins County (Sherman, J.), entered July 20, 2009, which, among other things, dismissed petitioner's application, in two proceedings pursuant to Family Ct Act article 6, to modify a prior order of custody.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the divorced parents of a daughter (born in 2002). Although the mother initially had primary physical custody of the daughter following the divorce, in January 2008, after losing her employment and then her apartment, the parties stipulated to an order of joint legal custody, with the father having primary physical custody and final decision-making authority. In addition, the order provided that the mother was to have parenting time with the child including, among other times, two days after school each week and one overnight on weekends; such overnights were to take place at the maternal grandmother's home until the mother procured her own residence, unless the parties agreed otherwise. The mother was also entitled to specified holiday and vacation times with the child and additional time as the parents mutually agreed.

It is undisputed that problems arose concerning the mother's parenting time and that the parents' ability to communicate and cooperate with regard to the child deteriorated. In June 2008, while exchanging the child, an argument and physical altercation occurred between the parents, at least partially in the presence of the child. The fracas resulted in the mother's arrest for harassment, to which she pleaded guilty. As a result, a stay-away order of protection was issued in favor of the father and his fiancée.

Following the June 2008 incident, the mother commenced the instant proceeding to modify custody. Specifically, the mother sought additional defined parenting time or, in the alternative, primary physical custody of the child. The father cross-petitioned, seeking sole custody. In July 2008, during the pendency of these proceedings, an interim order was entered

which, among other things, required the maternal grandmother to be present during the mother's overnight parenting time and prohibited the mother from allowing Corey Henderson (the man to whom she was married after her divorce from the father) from being present during her parenting time with the child. After a hearing, Family Court dismissed the mother's petition and granted the father's cross petition. In addition to awarding sole custody to the father, Family Court reduced the mother's parenting time and, except for Christmas Eve in alternating years, eliminated the mother's right to have the child overnight. The mother now appeals.

We affirm. An alteration of an established custody arrangement requires a showing of a " 'change in circumstances reflecting a real need for change in order to insure the continued best interest of the child' " (*Matter of Passero v Giordano*, 53 AD3d 802, 803 [2008], quoting *Matter of Van Hoesen v Van Hoesen*, 186 AD2d 903, 903 [1992]; *see Matter of Mabie v O'Dell*, 48 AD3d 988, 989 [2008]). Although Family Court may not undertake a best interest analysis unless a change in circumstances has been demonstrated (*see Matter of Smith v White*, 53 AD3d 814, 815 [2008]; *Matter of Kerwin v Kerwin*, 39 AD3d 950, 951 [2007]), where such a change is undisputed, the court may proceed directly to a determination of the child's best interests (*see Matter of Gravelding v Loper*, 42 AD3d 740, 741 [2007]; *Matter of Groover v Potter*, 17 AD3d 718, 719 [2005]).

Here, the parents are in agreement that there has been a change in circumstances since the last custody order regarding, among other things, their ability to communicate with each other and agree on such matters as "discretionary" visitation, living conditions and personal relationships, which ultimately culminated in a verbal and physical altercation between them. Thus, Family Court properly held a hearing to determine what custodial arrangement was in the child's best interests. In making such determination, the court was bound to consider a number of factors, "including the 'quality of the respective home environments and each parent's past performance, stability, fitness and ability to guide and provide for the child's development' " (*Matter of Martin v Martin*, 45 AD3d 1244, 1244-1245 [2007], quoting *Matter of Roe v Roe*, 33 AD3d 1152, 1153 [2006]; *see Matter of Lopez v Robinson*, 25 AD3d 1034, 1035 [2006]).

Other than her testimony that the father improperly withheld visitation from her and that he was responsible for the June 2008 incident, the mother proffered no evidence to demonstrate any significant deficiencies in the father's home or parent-

ing of the child. On the other hand, while both parents clearly have loving relationships with the child, the record reflects numerous problems on the mother's part which call into question her ability to promote the best interests of the child.

For example, the mother has exhibited poor judgment in relation to Henderson. Henderson, who was incarcerated at the time of his marriage to the mother, physically assaulted her after his release and while she was pregnant with his child and caused damage to the mother's home on a day that the parties' daughter was later scheduled to arrive there. Although the mother testified that she did not believe it would be appropriate for Henderson to be near her daughter, she admitted to having allowed him to come into contact with the daughter on one occasion and supported Henderson's visitation with their child. In addition, the mother admittedly violated court orders requiring the maternal grandmother's presence during her overnight parenting times. The record also reflects the mother's instability with regard to housing and employment, inconsistency in exercising her parenting time and failure to ensure that the daughter completes her homework, among other things.

Joint legal custody is inappropriate where, as here, the record "convincingly demonstrates that the[ ] parties have an acrimonious relationship and are unable to communicate . . . in an amicable manner" (*Matter of St. Pierre v Burrows*, 14 AD3d 889, 891 [2005]; *see Matter of Van Zandt v Sauers*, 12 AD3d 821, 822 [2004]; *Matter of Smith v Miller*, 4 AD3d 697, 698 [2004]; *Matter of Millett v Millett*, 270 AD2d 520, 522 [2000]). Viewing the totality of the circumstances and according deference to Family Court's credibility determinations (*see Matter of Passero v Giordano*, 53 AD3d at 803; *Matter of Mabie v O'Dell*, 48 AD3d at 989; *Matter of Gravelding v Loper*, 42 AD3d at 742), we find that a sound and substantial basis exists for Family Court's determination that it is in the child's best interests to be placed in the sole custody of the father (*see Matter of Passero v Giordano*, 53 AD3d at 803). Likewise, we find ample support in the record for the schedule of parenting time set forth in the court's order.

Finally, we are unpersuaded by the mother's contention that the attorney for the child did not advocate for the child. The record reflects that the child's attorney participated in every court proceeding, conducted appropriate cross-examination during the trial, requested a *Lincoln* hearing and delivered a closing statement to the court. Moreover, while Family Court's request that the child's attorney provide a "recommendation" was erroneous, the attorney's submission to the court was in the nature of a closing argument, as were the submissions of

the parents' attorneys, and was not ex parte. Thus, the child's attorney permissibly made his position known (*see Matter of Rueckert v Reilly*, 282 AD2d 608, 609 [2001]). To the extent that his submission included factual allegations not contained within the record, such allegations were not relied upon by the court. Accordingly, the court's error was harmless (*see Matter of Card v Rupert*, 70 AD3d 1264, 1265 [2010]; *Matter of Treider v Lamora*, 44 AD3d 1241, 1243 [2007], *lv denied* 9 NY3d 817 [2007]; *Matter of Carballeira v Shumway*, 273 AD2d 753, 754-755 [2000], *lv denied* 95 NY2d 764 [2000]).

Peters, J.P., Rose, Malone Jr. and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.