In the Matter of Lori A. Fox, Appellant, v David M. Grivas, Respondent. [916 NYS2d 286]—

Egan Jr., J. Appeal from an order of the Family Court of Broome County (Pines, J.), entered March 25, 2010, which, among other things, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

The parties are the parents of a daughter (born in 2001). In August 2002, sole custody was granted to respondent (hereinafter the father) and, in May 2007, Family Court (Charnetsky, J.) entered an order, upon stipulation of the parties, directing that petitioner (hereinafter the mother) have no visitation with the child and prohibiting her from going to the child's school or having contact with third parties regarding the child. In September 2009, as relevant here, the mother petitioned for a modification of the 2002 custody order but, during the ensuing hearing, indicated that she was currently seeking only a modification to allow visitation with the child. Following the

hearing, Family Court (Pines, J.) dismissed the petition on the ground that the mother failed to prove a substantial change in circumstances. The mother now appeals.

We affirm. An existing custody arrangement will be modified only when the party seeking modification demonstrates a sufficient change in circumstances reflecting a need for change to ensure the continued best interest of the child (*see Matter of Christopher B. v Patricia B.*, 75 AD3d 871, 872 [2010]; *Matter of Paul T. v Ann-Marie T.*, 75 AD3d 788, 789 [2010], *lv denied* 15 NY3d 713 [2010]). Only when this threshold showing has been made may Family Court proceed to engage in a best interest analysis (*see Matter of Henderson v MacCarrick*, 74 AD3d 1437, 1439 [2010]; *Matter of Smith v White*, 53 AD3d 814, 815 [2008]; *Matter of Kerwin v Kerwin*, 39 AD3d 950, 951 [2007]). Here, the only ground for requesting modification that was substantiated by the mother was the fact that the father and his wife had recently separated. However, the testimony further established that the father's wife, who had become a mother figure to the child, still had regular contact with her and was attending counseling with the father in an attempt to reconcile their relationship. Furthermore, the record showed that the father continues to be gainfully employed and the child was doing well in school and was involved in scouting, and her health was good. As such, the mother failed to demonstrate a change in circumstances and, therefore, no best interest analysis need be undertaken (*see Matter of Scott QQ. v Stephanie RR.*, 75 AD3d 798, 799-800 [2010]; *Matter of Smith v White*, 53 AD3d at 815).

Peters, J.P., Spain, Rose and Kavanagh, JJ., concur. Ordered that the order is affirmed, without costs.