Matter of Carrie ZZ. v Aaron YY. (2019 NY Slip Op 09326)





Matter of Carrie ZZ. v Aaron YY.


2019 NY Slip Op 09326


Decided on December 26, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 26, 2019

526826

[*1]In the Matter of Carrie ZZ., Appellant,
v
Aaron YY., Respondent.

Calendar Date: November 13, 2019

Before: Mulvey, J.P., Devine, Aarons and Pritzker, JJ.


Rural Law Center of New York, Castleton (Keith F. Schockmel of counsel), for appellant.
Christopher Hammond, Cooperstown, for respondent.
Lisa K. Miller, McGraw, attorney for the child.



Devine, J.
Appeal from an order of the Family Court of Cortland County (Campbell, J.), entered May 31, 2018, which partially dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of the subject child (born in 2013). The mother's substance abuse and legal troubles resulted in a December 2016 order, entered upon consent, that awarded the father sole custody and physical placement of the child and granted the mother periods of visitation to be supervised by either of the mother's parents. The parties thereafter filed several petitions, the only one of which relevant here is the mother's July 2017 amended petition to modify the December 2016 order. Family Court conducted a fact-finding hearing and then issued an amended decision finding, among other things, that the custodial arrangement should be modified to expand the mother's parenting time and allow some of it to be unsupervised. The mother appeals from the ensuing order of custody and visitation.[FN1]
We affirm. It is well settled that "[a] party seeking modification of a prior order of custody must demonstrate first, that there has been a change in circumstances since the prior order and, then, if such a change occurred, that the best interests of the child would be served by a modification of that order" (Matter of Richard GG. v M. Carolyn GG., 169 AD3d 1169, 1170 [2019] [internal quotation marks and citations omitted]; see Matter of Thomas KK. v Anne JJ., 176 AD3d 1354, 1355 [2019]). As provided for in the December 2016 order, the mother's substantial compliance with drug treatment for more than six months constituted a change in circumstances. Family Court accordingly proceeded to conduct a best interests analysis, which involves the consideration of factors such as the past performance and relative fitness of the parents, their willingness to foster a positive relationship between the child and the other parent, their fidelity to prior court orders and their ability to both provide a stable home environment and further the child's overall well-being (see Matter of Kanya J. v Christopher K., 175 AD3d 760, 762 [2019], lv denied ___ NY3d ___ [Dec. 17, 2019]; Matter of Ryan XX. v Sarah YY., 175 AD3d 1623, 1624-1625 [2019]; Matter of Jennifer D. v Jeremy E., 172 AD3d 1556, 1557 [2019]).
Family Court noted in its best interests analysis that there appear to be no real concerns about the father's living situation or his ability to care for the child. Moreover, although the father minimizes his interactions with the mother and her family and does not countenance any deviation from the terms of the December 2016 order, his behavior does not appear to have affected the child's relationship with the mother and does not interfere with any visitation to which she is entitled (see Matter of Lewis v VanWormer, 45 AD3d 1196, 1197 [2007], lv denied 10 NY3d 712 [2008]; see also Matter of Kashif II. v Lataya KK., 99 AD3d 1075, 1077 [2012]). As for the mother, she has made impressive strides in addressing her substance abuse problem since the December 2016 order, has an appropriate living situation with her parents and has regained custody of her older daughter. Her substance abuse treatment is very much a work in progress, however, and she remains unemployed so that she can focus on her recovery. Family Court weighed these circumstances and determined that the mother should be afforded expanded visitation, some of it unsupervised, but that further changes must wait for the mother to move beyond the "early stages" of her treatment and cement her sobriety. The mother feels, with some agreement from the attorney for the child, that Family Court did not go far enough. After reviewing the proof and according deference to Family Court's assessments of credibility, we disagree and find a sound and substantial basis in the record for the court's determination (see Matter of Aree RR. v John SS., 176 AD3d 1516, 1517 [2019]; cf. Matter of Gorham v Gorham, 56 AD3d 985, 987-988 [2008]). Thus, it will not be disturbed.
Finally, inasmuch as the father and the attorney for the child did not appeal from Family Court's order, they are barred from seeking affirmative relief not sought by the mother (see Matter of Hoppe v Hoppe, 165 AD3d 1422, 1426 n [2018], lvs denied 32 NY3d 912, 913 [2019]; Matter of Durgala v Batrony, 154 AD3d 1115, 1118 [2017]).
Mulvey, J.P., Aarons and Pritzker, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: To the extent that the mother's notice of appeal can be read as seeking review of the underlying decision and amended decision, as well as the order itself, we note that the decisions are not appealable (see CPLR 5512 [a]; Family Ct Act § 1112 [a]; Matter of Kristen II. v Benjamin JJ., 169 AD3d 1176, 1177 n [2019]).